**Dorothy MYRICK, Appellant,**

v.

**Richard A. MYRICK, Jr., Appellee.**

**No. 6186.**

Court of Civil Appeals of Texas,
Waco.

May 29, 1980.

Rehearing Denied June 26, 1980.

Jack B. Peacock, Jr., Falfurrias, for appellant.

Fidencio G. Garza, Jr., Brownsville, for appellee.

OPINION

JAMES, Justice.

This case was brought to enforce an alleged "contractual alimony" agreement. Plaintiff-Appellant Dorothy Myrick and Defendant-Appellee Richard A. Myrick, Jr. were formerly husband and wife. Their marriage was dissolved by a divorce decree entered on the 28th of July, 1972 in the District Court of Brooks County. The decree provided, inter alia, that:

"The Respondent further agrees to pay to Dorothy Myrick for her support and maintenance the sum of Two Hundred ($200.00) Dollars per month and the first of such payments to commence on the 1st day of June, 1972 and to be payable thereafter on the 1st day of each month until Sharon Kay Myrick (the only minor child born of the marriage) shall reach the age of eighteen (18) and with the further understanding that in the event that the said Dorothy Myrick remarries or in the event that she goes to work then these sums of money shall be reduced to One Hundred ($100.00) Dollars per month.

"It is specifically understood that this payment to said wife is not being made in lieu of any community property settlement or child support obligation and the said payment shall be alimony as prescribed under the Internal Revenue Code and regulations thereunder and shall be taxable as income to wife and shall be deductible from gross income of husband.

"Wife shall have the right to specifically enforce this agreement of alimony and further wife shall have all remedies at law for the effection (sic) of any sums of money due under such contractual alimony agreement which rights shall be cumulative."

Appellant brought this suit to recover "alimony" payments past due under the above-quoted agreement. Appellant's Petition alleged that:

"From the date of entry of the divorce decree until October 1976, respondent made the alimony payments as ordered. However, beginning with the payment due on October 1, 1976, Respondent failed

to pay the ordered sum of $100.00 per month. Respondent has defaulted in the amount of $100.00 per month from October 1976, to January 1, 1979, inclusive in the total amount of $2800.00.

"SHARON KAY MYRICK has not yet reached the age of eighteen and Petitioner has returned to work to support her family. Therefore, pursuant to the said decree of divorce, Respondent is still obligated to pay to Petitioner the amount of $100.00 per month and has wholly failed and defaulted since October 1, 1976.

"Petitioner and Respondent agreed and stipulated as is provided in the decree of divorce attached hereto and marked Exhibit 'A', and the Court approved and ordered same to be in effect."

Defendant-Appellee answered by general denial and also specially excepted to Plaintiff's Petition for the reason that "the same is insufficient in law to state a cause of action because statutes and public policy of Texas do not sanction alimony for the wife after a judgment of divorce has been granted." The trial court sustained Appellee's exceptions and dismissed Appellant's cause. We reverse the trial court's ruling and remand the cause for trial.

■ It is true that the statutes and public policies of this state do not sanction "alimony" for a wife after a judgment of divorce is granted. See, e. g. *McElreath v. McElreath,* 162 Tex. 190, 345 S.W.2d 722 (1961). However, our Supreme Court has made an important distinction between "alimony" arising from contractual obligations assumed by parties to a divorce and "alimony" imposed purely by court order or decree. *Francis v. Francis,* 412 S.W.2d 29 (Tex.1967). Court-ordered support payments contravene public policy and are not enforceable; but agreements or contracts to make support payments after divorce are enforceable as any other contractual obligation and the approval of the agreement by the court will not be held to invalidate the agreement as "alimony." *Francis v. Francis,* cited supra.

■ In the instant case the pleadings indicate that the support payments involved arose out of a contractual obligation as-

sumed by the Appellee. The divorce decree refers to the "contractual alimony agreement" of the parties; and the Appellant's Petition alleges that the parties "agreed and stipulated" to the support obligation and that the court merely "approved" the same. Such obligations do not contravene public policy and the Appellant is entitled to pursue her case under principles relating to contract law. *McCray v. McCray,* 584 S.W.2d 279 (Tex.1979).

Appellee argues that the trial court's ruling should be affirmed because (he says) there is a failure of consideration for his obligation to pay, which renders the agreement void and unenforceable. We do not agree with this argument.

Failure of consideration is an affirmative defense which must be specially pleaded. Rule 94, Texas Rules of Civil Procedure. Appellee did not plead failure of consideration, and therefore he cannot raise this defense for the first time on appeal. Furthermore, the pleading of such an affirmative defense would not entitle Appellee to a dismissal of Appellant's cause of action. Therefore, this contention of Appellee is without merit.

The judgment of the trial court is reversed; the cause is reinstated and remanded for trial on the merits.

REVERSED AND REMANDED.