Dwaine G. POWELL, Appellant,

v.

Katherine A. POWELL, Appellee.

No. 13–86–359–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 23, 1986.

Kelley F. Whalen, Miller, Miller, Robinson & Whalen, Gonzales, for appellant.

Robert B. Scheske, Gonzales, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

OPINION

BENAVIDES, Justice.

Appellant appeals the action of the trial court in denying his motion for reduction of child support payments for his two daughters, Monica Marie Powell (age 12) and Natalie Ray Powell (age 6).

The parties were divorced on December 15, 1980. The Decree of Divorce, dated March 17, 1981, ordered appellant to pay appellee child support of $215.00 per month, per child, the first payment due and payable on January 5, 1981, and each month thereafter until the children attain the age of eighteen (18), are otherwise emancipated, or until further order of the court. Appellant was also ordered to keep and maintain the major medical and health insurance coverage then in effect for the

children until their eighteenth birthday or other emancipation. At the time of divorce, Monica was six years of age and Natalie was less than a year old.

Appellant's motion to modify, filed November 18, 1985, asserted that his circumstances had materially and substantially changed since the entry of the divorce decree, and that the support payments should be decreased.

The court denied appellant's motion and awarded appellee $300.00 attorney's fees. Appellant brings three points of error, claiming that the trial court's finding that no material and substantial change had occurred in appellant's circumstances since December 15, 1980, is against the great weight and preponderance of the evidence, or, alternatively, that there is insufficient evidence to support such a finding, and that the trial court committed reversible error in awarding attorney's fees to appellee.

Under TEX.FAM.CODE ANN. § 14.-08(c)(2) (Vernon Supp.1980), a movant must establish by a preponderance of the evidence that "the circumstances of the child or person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry" in order to warrant a modification of the order or decree.

The proof must not merely show a change, but a material and substantial change. The trial court is accorded broad discretion in setting and modifying child support payments and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Carpenter v. White*, 624 S.W.2d 618, 619 (Tex.App. —Houston [14th Dist.] 1981, no writ). Appellant must demonstrate such an abuse of discretion and we as an appellate court "will indulge in all reasonable inferences from the evidence sufficient to support the actions of the trial court." *Watkins v. Austin*, 590 S.W.2d 830 (Tex.Civ.App.— Dallas 1979, no writ).

Appellant relies solely on his changed circumstances in his attempt to decrease his child support obligations. In answer to appellee's interrogatory No. 2, wherein appellant was asked to state all circumstances "which have materially and substantially changed since December 15, 1980, that you will rely on to support your motion to modify in this case," appellant answered as follows:

> In 1980 drilling activity throughout the U.S. was at its peak. In the past few years the oil prices have dropped, causing all drilling to come to a snail's pace, which has cut wages in half, plus making very few jobs available.

> The other skills I have are welding, woodworking and plant maintenance. I have checked on welding jobs at Dollinger Steel in Gonzales and Terrain King in Seguin, both start at $6.00 per hour. I also applied at Southern Clay Products in Gonzales in the maintenance department. The position that I could fill now requires a college degree, which I do not have.

At the hearing on appellant's motion to modify, appellant testified that he was offered positions in Gonzales and Seguin as a welder, but stated that he was trying to operate his own business, Powell's Craft Center, and had been self-employed as a wood-worker there "on and off for the last three years."

In 1980, the year of their divorce, appellant had an adjusted gross income (AGI) of $32,600.00. In 1981, appellant's AGI was $111,255.00, and appellant listed long term capital gains of $181,550.00.[1] Appellant argues and the record reflects that subsequent to 1980 and 1981, he has not had income commensurate with those two years. Appellant is also paying $106.00 per month for hospitalization for the children, as agreed in the divorce decree.

Appellant relies primarily on *Casterline v. Burden*, 560 S.W.2d 499 (Tex.Civ.App.— Dallas 1977, no writ), to support his request to modify his child support obligations. Appellant's argument centers on

---

**1.** Appellant contended that he received "nothing" as a result of the divorce, yet the record reflects that he received 1,000 shares of stock valued at over $180,000.00.

his inability to obtain a loan for his business, claiming that borrowed funds cannot be considered "income" as noted in *Casterline*, 560 S.W.2d at 501. Appellant did not, however, and has not ever attempted to obtain a loan. Our case is more comparable to the facts in *Labowitz v. Labowitz*, 542 S.W.2d 922, 925 (Tex.Civ.App.—Dallas 1976, no writ), where the evidence showed that Mrs. Labowitz received at least $6,000.00 cash and two houses in the divorce settlement, and the court held that, if necessary, she had a duty to expend assets to discharge her obligation of support. The court also emphasized that Mrs. Labowitz had been able to borrow $4,000.00, and determined that there was no abuse of discretion in finding her ability to pay child support considering *both her income and her assets*. *Labowitz*, 542 S.W.2d at 926; *see also Anderson v. Anderson*, 503 S.W.2d 124, 127 (Tex.Civ.App.—Corpus Christi 1973, no writ).

Here, Mr. Powell explained that the $111,000.00 he received in 1981 was used: (1) as down payment on a house; (2) to purchase furniture; (3) to purchase a car; (4) as down payment for property in Running Wolf Subdivision; (5) to purchase a building for his business; (6) to purchase $25,000.00 worth of woodworking equipment; (7) to pay $8,000.00 in medical bills for his wife; and (8) to pay child support and house payments from the principal. Appellant testified that he had been unsuccessful in attempting to sell his house for the past year but that he did sell some cattle in 1985. He has not attempted to sell any other personal or real property. Although appellant was offered positions at Dollinger Steel in Gonzales and at Terrain King in Seguin, he refused the offers and stated at the hearing on his motion to modify that he is "just trying to get this business going that I have got now."

■ The duty to support is not limited to a parent's ability to pay from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available. *Pharo v. Trice*, 711 S.W.2d 282, 284 (Tex.App.—Dallas 1986, no writ). The court may, therefore, take a parent's earning potential into account when determining the amount of child support the parent must pay. *In re Marriage of Miller*, 600 S.W.2d 386, 389 (Tex.Civ. App.—Amarillo 1980, no writ). A parent who is qualified to obtain gainful employment cannot evade his or her support obligations by voluntarily remaining unemployed. *See Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 427–28 (Tex.Civ.App.—Austin 1976), *aff'd on other grounds*, 554 S.W.2d 137 (Tex.1977). We need also bear in mind the needs of the children and their station in life, and the court's order concerning support should be in the best interest of the children. *Cannon v. Cannon*, 646 S.W.2d 295, 297 (Tex.App.—Tyler 1983, no writ).

■ Although appellant's earnings at the time of divorce and immediately thereafter were significantly higher than his present earnings, considering his overall financial resources and earning potential, we do not find that it was an abuse of discretion to maintain the child support obligation at the amount reflected in the parties' decree of divorce.

■ In addition, we do not find that the trial court abused its discretion in awarding attorney's fees to appellee. The Family Code specifically provides for an award of attorney's fees and the case law supports such an award. *Cozby v. Cozby*, 597 S.W.2d 808 (Tex.Civ.App.—Tyler 1980, no writ); TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1975).

We overrule appellant's three points of error and AFFIRM the judgment of the trial court.