**Ruben ANZALDUA, Appellant,**

v.

**Alfredo ANZALDUA, Appellee.**

No. 13–87–111–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1987.

Rehearing Denied Jan. 7, 1988.

William C. Rountree, III, Johnson and Davis, Harlingen, for appellant.

J. Scott McLain, Cardenas, Whitis, Stephen & Carcoran, McAllen, for appellee.

Before UTTER, BENAVIDES and DORSEY, JJ.

## OPINION

UTTER, Justice.

Ruben Anzaldua, appellant, brought suit against Alfredo Anzaldua, appellee, for partition of real property located in Cameron County, Texas, and for the reasonable rents and revenues that have accrued from the premises since December 6, 1981. Appellee answered by specifically denying appellant owned any interest in the real estate and filed a counterclaim seeking to quiet title in appellee. A trial was had before the court. The court entered judgment that appellant should take nothing and that appellee be declared sole owner of the property in controversy. We reverse and remand.

Appellant's fourth point of error asserts that the trial court erred in failing to file findings of fact and conclusions of law. Appellant contends that failure has caused injury to appellant's right to appeal and requests that the judgment of the trial court be reversed and remanded.

Rule 297 states that when a timely demand for findings of fact and conclusions of law is made, the trial court *must* file them "within thirty days after the judgment or order overruling a motion for new trial is signed, or the motion is overruled by operation of law." Tex.R.Civ.P. 297. If the trial judge fails to file his findings within the time allotted, the party who made the demand must call the omission to the attention of the judge, by written notice, within five days after the thirty day period has expired. *Id.* Once this is done, the trial judge has five more days within which to comply with the demand. *Id.*

■ Upon applying the provisions of Rule 297 to the instant case, we find that the judgment of the trial court was signed on December 15, 1986, and that appellant timely filed his initial request for findings of fact and conclusions of law on December 23, 1986. Although a reminder to file was timely filed on January 16, 1987, the trial court still failed to file the requested findings of fact and conclusions of law. We hold that the trial court was in error in failing to make its findings of fact and

conclusions of law. When a timely demand has been made for findings, the trial court *must* file them within the time limits provided in Rule 297.

■ We believe for the following reasons that "due process" would best be served in this case by reversing the judgment and remanding the case for new trial. *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944); *Joseph v. Joseph,* 731 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Richie v. State,* 275 S.W.2d 723 (Tex.Civ.App.—Galveston 1955, no writ).

First, the appellant has effectively been denied his right to address, brief and argue against the trial court's findings of fact and conclusions of law. Second, the appellant has been denied the opportunity to object to the trial court's findings of fact and conclusions of law and to request additional findings pursuant to Tex.R.Civ.P. 298. Third, the normal remedy of abating the appeal and ordering the trial court judge to make appropriate findings and conclusions would not be possible here. *Carr v. Hubbard,* 664 S.W.2d 151, 153 (Tex.App.—Houston [1st Dist.] 1983, no writ); *White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ). Originally, this was a bench trial had before Honorable Menton Murray, the then presiding judge of the 357th District Court of Cameron County, Texas. As of January 1, 1987, however, Honorable Rogelio Valdez became the new presiding judge of that court. Thus, we are unable to instruct Honorable Menton Murray to file findings of fact and conclusions of law in this case, and Judge Rogelio Valdez did not participate in the proceedings concerning this matter.

■ Appellee relies on *Fraser v. Goldberg,* 552 S.W.2d 592 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.) for the proposition that where the defendant has suffered no injury by reason of the trial court's failure to make findings and conclusions that the court has not erred in failing to do so. Unlike *Fraser,* however, we do not believe the record before us affirmatively shows that appellant suffered no injury by reason of the trial court's failure to

make findings and conclusions. Although the record reveals that the court believed its final determination revolved around Manuel's "intent" to make the property Celia's separate property, the record does not state whether that was, in fact, the deciding issue. Moreover, the record does not disclose whether the court concluded that Manuel intended to "partition" the property or intended a "parol gift." When a timely and proper request for findings of fact and conclusions of law have been made and the trial court fails to comply with such request, injury to the complaining party is presumed unless the contrary appears. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119 (1944). We feel the appellant was prevented from making a proper presentation of the issues in this case on appeal.

The judgment of the trial court is REVERSED AND REMANDED.