IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-137-CV




SCOTT MILLER,



 APPELLANT


vs.





JAMES H. SCHOOLEY AND NANCY L. SCHOOLEY,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 471,184, HONORABLE WILL WILSON, JUDGE



 





PER CURIAM



 Appellant Scott Miller appeals from a judgment of the district court of Travis
County in favor of appellees James H. Schooley and Nancy L. Schooley. We will reverse the
judgment.

 In early 1988, the Schooleys entered into a contract with Scott Felder, Inc., for the
purchase of a house contingent on the sale of the Schooleys' home on Quail Hutch Drive. The
Schooleys entered into a listing agreement for the sale of their home with Jean Grubb, an agent
with Easter & Easter, Inc. Because of the difference in the outstanding balance on their note and
the value of the house, the Schooleys considered selling the house on a nonqualifying assumption
basis. Within a short time, Ben Hardcastle, an agent for Miller, (1) presented an offer from Leticia
Baez who purchased the house. When Baez defaulted on the payments, the Schooleys resumed
possession of the Quail Hutch Drive house and were unable to buy the Scott Felder home.

 The Schooleys filed suit against Grubb; Easter & Easter, Inc.; and Miller seeking
damages for violations of the Deceptive Trade Practices - Consumer Protection Act, ("DTPA")
Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (1987 & Supp. 1992); and for breach of fiduciary
duty and negligence. The Schooleys settled with Grubb and Easter & Easter, Inc.; abandoned
their DTPA claim; and proceeded against Miller on the two remaining claims. After a bench trial,
the district court rendered judgment against Miller in the amount of $26,327.37, (2) plus interest and
costs.

 In his first point of error, Miller argues that the trial court erred in failing to file
findings of fact and conclusions of law and that the failure injured his right to complain of the
judgment. Miller requests this Court to reverse the judgment and remand the cause for a new
trial.

 Pursuant to Tex. R. Civ. P. Ann. 296 (Supp. 1991), Miller timely requested the
trial court to file findings of fact and conclusions of law. When the trial court did not file the
findings and conclusions within the prescribed period, Miller filed a timely notice of past due
findings of fact and conclusions of law. Tex. R. Civ. P. Ann. 297 (Supp. 1991). The trial court
did not respond. The failure to make findings of fact and conclusions of law is error. Anzaldua
v. Anzaldua, 742 S.W.2d 782 (Tex. App. 1987, writ denied); see Cherne Industries, Inc. v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). Because the duty to file findings of fact and
conclusions of law is mandatory, the failure to respond when all requests are properly made is
presumed harmful, unless the record "affirmatively shows that the complaining party has suffered
no injury." Cherne Industries, Inc., 763 S.W.2d at 772; Wagner v. Riske, 178 S.W.2d 117, 120
(Tex. 1944).

 Miller argues that he has suffered injury because the judgment awards damages
in a lump sum and does not state the basis for the award. The judgment states that the Schooleys
"are entitled to recover of and from ... SCOTT MILLER, the sum of $47,327.37 on [the
Schooleys'] claims of negligence and breach of fiduciary duty." We also note, without
considering it as findings of fact and conclusions of law, (3) the trial court's statement at the end of
the hearing:



 I made a conclusion of law that Miller's duty to [the Schooleys] is that of
a fiduciary duty; that there is a finding of fact that [Baez] was not qualified and all
the agents knew that. There is a finding of fact that [Baez] could not make one
payment.


 A finding of fact that this was an especially risky transaction and all the
agents knew it. A conclusion of law that all the brokers represented the seller.


 The evidence is not clear as to whether or not Baez was out of work at the
time of closing. The questions I have is [sic] ... what is the liability of Miller and
is he jointly and severally liable or is he partly liable or is he liable at all.


 After examining the record, we cannot say that it affirmatively discloses no injury. 
Miller raises seven points of error; several of the points challenge the sufficiency of the evidence. 
The record does not disclose on what basis the trial court found Miller liable. The judgment
states that the Schooleys are recovering on their claims of negligence and breach of fiduciary duty. 
Furthermore, the evidence as to what each of the parties knew conflicts. See Las Vegas Pecan
& Cattle Co. v. Zavala Cty., 682 S.W.2d 254, 256 (Tex. 1984) (record does not show harm
where uncontroverted evidence showed basis for trial court judgment). We cannot say, therefore,
that Miller was not injured by the trial court's failure to file findings of fact and conclusions of
law. We sustain point of error one.

 In this instance, the remedy of abating the appeal and ordering the trial court to file
findings and conclusions is inappropriate. See Tex. R. App. P. Ann. 81(a) (Pamph. 1991) (no
reversal if error remedial). The trial was a bench trial held before the Honorable Will Wilson in
the District Court of Travis County, 200th Judicial District. The Honorable John Dietz became
presiding judge of that court on January 1, 1991, shortly after trial. Judge Dietz heard Miller's
motion for new trial and, by order dated March 3, 1991, expressly denied Miller's request for
findings of fact and conclusions of law. Accordingly, we conclude that abating the appeal to
allow the trial court to file findings of fact and conclusions of law is inappropriate. Anzaldua, 742
S.W.2d at 783-84.

 Because we sustain point of error one, we do not address points of error two
through seven.

 The judgment of the district court is reversed and the cause is remanded for a new
trial.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Reversed and Remanded for New Trial

Filed: January 22, 1992

[Do Not Publish]
1. [1] At the time of the sale Miller was a real estate broker. Hardcastle was one of Miller's
agents and was not a defendant in the trial court.
2. [2] This amount represents the amount of damages the trial court found less a credit in the
amount of $21,000 for the settlement with Grubb and Easter & Easter, Inc.
3. [3] The Schooleys state that the trial court did make certain findings of fact and conclusions of
law at the close of the trial. Any comments that a judge makes at the conclusion of a bench trial,
however, are not a substitute for written findings and conclusions. In interest of W.E.R., 669
S.W.2d 716 (Tex. 1984). Furthermore, findings of fact are not to be recited in the judgment. 
Tex. R. Civ. P. Ann. 299a (Supp. 1991).