**CITY OF LOS FRESNOS,**
Texas, Appellant,

v.

Gilberto **GONZALEZ,** et al., Appellees.

No. 13–91–136–CV.

Court of Appeals of Texas,
Corpus Christi.

March 23, 1992.

Opinion on Motion for Rehearing
April 16, 1992.

Tom Fleming, Brownsville, for Appellant.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Richard J.W. Nunez, Brownsville, for Appellee.

Before NYE, C.J., and SEERDEN and BISSETT [1], JJ.

## OPINION

NYE, Chief Justice.

The City appeals from a judgment denying its request for a mandatory injunction and ordering that the City take nothing from the Defendants (Jasso, Davila, Gonzales, and Reyes, hereinafter referred individually by name or as "Defendants"). In a trial to the bench, the court granted Defendants' motion for judgment at the close of the City's evidence of an alleged local zoning ordinance violation. The City urges reversal by five points of error. We abate the appeal for entry of findings of fact and conclusions of law.

After discovering that Defendant Gonzales was moving a building onto a previously vacant tract of land, the City filed suit against Gonzales, additionally naming three property owners, Reyes, Davila, and Jasso. The City claimed that the Defendants illegally subdivided their tract by failing to submit their plat for the City's approval and by failing to conform the plat to the minimum standards required by Texas law and local ordinance. The Defendants filed a plat of the land in question, the Gallegos Subdivision, with Cameron County. They did not file a plat with the City, even though the local ordinances so require. Los Fresnos, Tex., Ordinance 77 (May 25, 1972).

The City sought an injunction prohibiting Defendants from further developing or occupying the property and a mandatory injunction requiring the Defendants to replat the subdivision to comply with the zoning ordinances. The trial court granted a temporary restraining order and then a temporary injunction prohibiting Gonzales from occupying or improving the land. No service of process was ever made against Reyes. A default judgment issued against

Gov't Code Ann. § 74.003 (Vernon 1988).

Davila when he failed to answer and appear, but the trial court granted his motion for new trial upon his presentation of a meritorious excuse. Jasso filed a counterclaim against the City for tortious interference with contract because the City caused the electricity to the property to be disconnected. After a trial to the bench, the court rendered a judgment nihil dicit against Gonzales and Davila, who, apparently, did not appear. The trial court disposed of all parties and all claims by rendering judgment that the City take nothing against Defendants Jasso and Davila, denying the City's request for a mandatory injunction against Jasso, denying all other relief requested by the City, and decreeing that Jasso take nothing from the City on his counter claim.

■ By its first point of error, the City claims that the trial court's failure to file findings of fact and conclusions of law after its timely request mandates reversal. The City filed a Motion to Extend Computation of Time on January 4, 1991,[2] and the trial court granted that motion. Its request for findings of fact and conclusions of law accompanied the motion, and, less than thirty days later, on January 25, 1991, the City filed a reminder. TEX.R.CIV.P. 296, 297. After a proper request and reminder, the trial court's failure to file findings of fact and conclusions of law requires reversal because it is presumed that such failure is harmful, unless the contrary appears on the face of the record. *Wagner v. Riske,* 178 S.W.2d 117, 119 (Tex.1944); *Anzaldua v. Anzaldua,* 742 S.W.2d 782, 784 (Tex. App.—Corpus Christi 1987, writ denied). We address the question of whether the record clearly shows that appellant suffered no injury. We find that it does not.

■ The test for harm when the trial court has failed to file findings of fact and conclusions of law is whether the appellant will be forced to guess the reason or reasons that the trial judge ruled against it. When two or more theories of recovery or defense have been urged, appellants face an undue burden in making a proper presentation of the case to the appellate court. *Sheldon Pollack Corp. v. Pioneer Concrete,* 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied); *Carr v. Hubbard,* 664 S.W.2d 151, 153 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Here, the Defendants raised two issues regarding the City's right to enforce the zoning regulations. Defendants claimed that, at the time they filed the county plat, parts of the Gallegos Subdivision were outside the City's extraterritorial jurisdiction, and therefore, the City's zoning ordinances did not apply to them. Defendants also asserted that, since they each separately owned individual lots on the Gallegos tract, the City could not enforce the regulations against them. *See* TEX.LOCAL GOV'T CODE ANN. § 212.018 (Vernon Supp.1991).[3] We cannot determine from the record upon which defensive theory the trial court based its judgment. Thus, we cannot determine if the court erred.

■ Assuming, *arguendo,* that the trial court ruled for Defendants on grounds that they were separate lot owners under § 212.018, such ruling would present no error. Sufficient evidence exists in the record to support a judgment for the Defendants based on this theory. Tom

---

**2.** Rule 296 requires requests for findings of fact and conclusions of law to be filed within twenty days after the judgment is signed. Appellant concedes that the request was not filed within those twenty days. However, the trial court granted appellant's Motion to Extend Computation of Time because appellant did not receive a copy of the judgment until twenty days had passed.

**3.** Section 212.018 reads in pertinent part as follows:

    (a) At the request of the governing body of the municipality, the municipal attorney or any other attorney representing the municipality may file an action in a court of competent jurisdiction to:

    (1) enjoin the violation or threatened violation by the owner of a tract of land of a requirement regarding the tract and established by, or adopted by the governing body under, this subchapter;

    (b) A reference in this section to an "owner of a tract of land" *does not include the owner of an individual lot in a subdivided tract of land* (emphasis added).

Brooks, a witness for the City, testified that the county plat showed that the tract had been subdivided into three separately owned lots, and that Defendants were separate owners of the lots. Defendants showed that the City had caused the electric service to Mr. Jasso's property, and to the entire subdivision, to be discontinued. They introduced a letter written by Tom Brooks advising Central Power and Light that the City was proceeding against *the owner of Lot 2 and the other lot owners* for zoning violations and urging the light company to stop service. This evidence supports the trial court's finding that the Defendants were separate lot owners, thereby precluding the City's enforcement under § 212.018.

■■■ Alternatively, if the trial court based its judgment on Defendants' jurisdictional argument, such judgment would be erroneous. The Defendants' second attack on the City's case was that the ordinances did not apply to them because the Gallegos Subdivision lay outside the City's extraterritorial jurisdiction when they filed the county plat. At that time, two-thirds of lot 3 and a small portion of the southeast corner of lot 2 lay outside the City's one-half mile extraterritorial jurisdiction. Uncontradicted evidence later showed that the Gallegos Subdivision is now entirely within the City's extraterritorial jurisdiction. The City is entitled to enforce its ordinances within its extraterritorial jurisdiction. *Swinney v. City of San Antonio,* 483 S.W.2d 556, 559 (Tex.App.—San Antonio 1971, no writ); *See generally City of Corpus Christi v. Unitarian Church of Corpus Christi,* 436 S.W.2d 923, 929 (Tex. App.—Corpus Christi 1968, writ ref'd n.r.e.). Absent a showing that the ordinances are arbitrary and unreasonable, they are to be upheld as enforceable. *City of Bellaire v. Lamkin,* 317 S.W.2d 43, 45 (Tex.1958). *See also City of Weslaco v. Carpenter,* 694 S.W.2d 601, 603 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). Had the trial court based its ruling on the Defendant's claim that no violation existed because the ordinances did not apply to them, such ruling would have been in error, since the City may enforce its rules within its extraterritorial jurisdiction.

■■ Without the trial court's findings and conclusions, we do not know upon what basis the trial court ruled. We are unable to say whether error was committed and whether appellant has been deprived of the opportunity to effectively assert his case on appeal. We cannot presume that the trial court based its judgment for Defendants upon the legally correct theory, because the City properly requested findings of fact and conclusions of law. Since the record does not plainly show that the appellant suffered no injury by the trial court's failure to file findings of fact and conclusions of law as requested, we must abate the appeal and direct the trial court to correct its error pursuant to Tex.R.App.P. 81(a). *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768, 773 (Tex.1989); *Anzaldua,* 742 S.W.2d at 783. Accordingly, the present appeal is ABATED and the case is REMANDED to the trial court with instructions to enter findings of fact and conclusions of law. Upon receipt of such findings we will proceed to enter judgment on appeal.

Appeal ABATED.

## OPINION ON MOTION FOR REHEARING

On motion for rehearing the appellant, the City of Los Fresnos, contends that we cannot abate the appeal for the entry of findings of fact and conclusions of law because the trial judge who heard the case was a visiting judge, and he no longer presides over the 357th District Court.

We agree that our original opinion requires clarification. Accordingly, we abate the appeal and instruct the Honorable Judge Joaquin Villareal, who was sitting as visiting judge of the 357th District Court, Cameron County, Brownsville, Texas, to file findings of fact and conclusions of law consistent with our original opinion. *See Jacobs v. State,* 681 S.W.2d 119, 121 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd); *Crawford v. Crawford,* 315 S.W.2d 190, 191 (Tex.Civ.App.—Waco 1958, no writ).

We overrule appellant's motion for rehearing.