**Lawrence Albert ROUSSEAU, Appellant,**

v.

**Leslie Kathleen Rousseau SPRECHER, Appellee.**

**No. C14–92–00009–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1992.

D. Channing Bradshaw, Pasadena, for appellant.

Marshall D. Brown, Joel A. Nass, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a judgment against appellant, Lawrence Albert Rousseau, in favor of his former wife, Leslie Kathleen Rousseau Sprecher, appellee, in the amount of $59,062.75.

The judgment followed trial of a motion filed by appellee pursuant to TEX.FAM.CODE ANN. § 3.74(b) for enforcement and reduction to money judgment of a provision contained in a divorce decree ordering appellant to make payments to appellee "as and for her support" of $1,458.33 per month for a period of 120 months commencing with the month of May, 1986.

The divorce decree was signed by the trial court on April 18, 1986. Beneath the judge's signature there appears the word APPROVED followed by the signatures of Lawrence Albert Rousseau and Leslie Kathleen Rousseau and their respective attorneys.

Appellant made the payments provided for in the divorce decree until appellee remarried. Appellant then stopped making the payments. At the time of the trial of the motion for enforcement and reduction to money judgment the total amount due under the terms of the divorce decree was $59,062.75. The trial court rendered judgment in that amount.

In one point of error appellant contends the trial court erred in granting a judgment for spousal support after divorce based on the provision contained in the divorce decree. Appellant argues that the provision in the decree ordering appellant to make the specified payments for the support of appellee is no more than court ordered alimony not authorized under Texas law. Appellant claims that even though he approved all of the terms of the divorce decree by signing his name as indicated above, this did not constitute a written agreement concerning maintenance of appellee under TEX.FAM.CODE ANN. § 3.631. Appellant's argument is that there had to be a written agreement separate and apart from the divorce decree itself before appellant would be obligated to make the payments. We disagree. Appellant's signature approving the terms and conditions of the decree constituted a written agreement that he would make the payments for appellee's support in accordance with the terms and provisions contained in the decree. The requirements of Section 3.631 of the Texas Family Code were satisfied under the facts of this case.

Our decision on this point is supported by the decision of the Corpus Christi Court of Appeals in *Mackey v. Mackey*, 721 S.W.2d 575 (Tex.App.—Corpus Christi 1986, no writ). In that case there was no written agreement separate and apart from the divorce decree itself. The decree itself set forth the agreement of the parties and the court's order that Ken Mackey pay to Lori Mackey $225 per month as contractual alimony for a specified number of years. The decree was signed by the trial judge and both of the Mackeys signed the decree, specifying that they approved it.

In holding that Ken Mackey was obligated to make the monthly payments provided for in the decree, the court of appeals made the following statements:

> In order to enforce an alimony provision, it must have its genesis in a contractual agreement between the parties separate from any decrees or orders which issue from a court. We see no reason why a *"separate* contractual agreement between the spouses" must be in written form before entry of the decree. There is no reason why the decree itself cannot operate as the written manifestation of the parties' agreement. A consent de-

cree is a contract in addition to an adjudication, and it may stand as a contract even if it falls as an adjudication.

This court's decision in *Klise v. Klise,* 678 S.W.2d 545 (Tex.App.—Houston [14th Dist.] 1984, no writ) does not support appellant's position in the instant case. In *Klise* prior to trial the parties had signed a proposed Agreed Order and Decree of Divorce that contained a provision ordering Klise to pay to Mrs. Klise "as and for her support and the support of" their minor children "the sum of $_____ dollars" per month during the minority of the children. The case then went to trial. During the trial the proposed decree was submitted to the court, and both parties testified that they had agreed on everything except the amount of child support. At no time during the trial did either party mention any agreement concerning post-decree support payments for Mrs. Klise. At the conclusion of the trial the court drew a line through the words "for her support and" and inserted the figure of $400 in the blank space. The effect of the trial court's action was to provide $400 per month for child support and nothing for post-divorce support of Mrs. Klise. Both the trial court and this court found there was no separate contract for post-divorce support payments to Mrs. Klise. *Id.* at 548. The proposed divorce decree presented to the court had no amount in the blank space. There was no agreement for post-divorce support of Mrs. Klise in any amount. Klise does not stand for the proposition that a separate support or alimony agreement must be in a document separate and apart from the divorce decree itself.

Appellant relies on two case: *McCray v. McCray,* 584 S.W.2d 279 (Tex.1979) and *Myrick v. Myrick,* 601 S.W.2d 152 (Tex.Civ. App.—Waco 1980, no writ). Neither of these cases supports appellant. In *McCray* the Supreme Court held that Mr. McCray was obligated to make support payments to his former wife even though the divorce decree was the only document manifesting the agreement.

In *Myrick* the court of civil appeals enforced an agreement to make support pay-ments to a former spouse although the agreement was contained only in the divorce decree that had been approved by the parties.

Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.