No. 04-98-00257-CV





IN THE INTEREST OF V.K.B. and M.F.B,


Children



From the 216th Judicial District Court, Bandera County, Texas


Trial Court No. 7018-97


Honorable Charles Sherrill, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: October 21, 1998


AFFIRMED


 This is an appeal from an order entered in a suit affecting the parent-child relationship.
Appellant Timothy Brenner appeals the denial of his requested modification of the amount and
duration of child support and the duration of spousal maintenance. Because we find the trial court
did not abuse its discretion in modifying the amount of child support but not the duration of support
or maintenance, we affirm.

Factual and Procedural Background

 Timothy and Carol Brenner divorced on October 3, 1996. In their final decree of divorce,
Timothy Brenner was ordered to pay $1,500 per month in child support until the children reached
age 22, provided that each child was enrolled in an accredited college. Timothy was also required
to pay all the children's health care expenses not paid by insurance, 50% of educational expenses,
the balance due on Carol's car note, and a home improvement loan. Spousal maintenance was set
at $500 per month for four years, and Carol was to receive 50% of Timothy's military retirement.
At the time of the decree, Timothy was making $64,223.28 per year working as a registered nurse
in the military.

 On September 1, 1997, Timothy chose to retire from the military after receiving involuntary
orders for a tour of duty in Korea. Shortly thereafter, Timothy began working at a civilian hospital
making $56,877.12 per year. On October 9, 1997, Timothy filed a motion to modify in suit affecting
the parent/child relationship to lower his support payments. The trial court decreased his child
support payments to $950.00 per month, but denied his request to modify the duration of child
support and spousal maintenance. The trial court determined that the terms of duration in the
agreement were contractual and not subject to modification by the court.

Modification of the Amount of Child Support Timothy contends that because his net monthly income is now $3,482.23, his monthly child
support payments should have been lowered to $868.13 instead of $950.00. Carol argues that even
under Timothy's own evidence, his net monthly income is really $4,282.78 a year, and that properly
calculated, Timothy's payments should still be $1,070.70 per month. Timothy argues that $4,282.78
represents his take home pay and that under Tex. Fam. Code § 154.061 (Vernon Supp. 1998), his
actual net income is $3,482.23. The trial court determined that Timothy should now pay $950.00
per month, finding that he was voluntarily underemployed.

 A trial court's order of child support will not be disturbed on appeal unless the appellant can
show a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). The
appellate court will reverse only upon finding that the trial court's actions were arbitrary or
unreasonable. Id. In reviewing the court's modification of support, the appellate court will indulge
all reasonable inferences supporting the actions of the trial court. See Powell v. Powell, 721 S.W.2d
394, 395 (Tex. App.--Corpus Christi 1986, no writ).

 If a parent's actual income is significantly less than what he could earn because of intentional
unemployment or underemployment, the court may apply the child support guidelines to his earning
potential. Tex. Fam. Code Ann. § 154.066 (Vernon 1996); Giangrosso v. Crosley, 840 S.W.2d
765, 770 (Tex. App.--Houston [1st Dist.] 1992, no writ); Powell v. Powell, 721 S.W.2d 394, 396
(Tex. App.--Corpus Christi 1986, no writ). The Family Code does not define intentional
unemployment; however, courts have generally held that intentional unemployment requires a
voluntary choice by the obligor.(1) See Terry v. Terry, 920 S.W.2d 423, 426 (Tex. App.--Houston
[1st Dist.] 1996, no writ); Stark v. Nelson, 878 S.W.2d 302, 307 (Tex. App.--Corpus Christi 1994,
no writ). It is undisputed that Timothy voluntarily left his job in the military and as a result lost
$7,000 per year in income. Thus, the evidence indicates that the trial court did not abuse its
discretion by concluding that Timothy was voluntarily underemployed. The trial court noted in its
findings that any deviation from the amount computed by applying the percentage guidelines was
due to the fact that Timothy voluntarily reduced his net resources. The court also recognized that
Timothy's net resources had substantially decreased.

 Before Timothy was voluntarily underemployed his gross income per month was $5,351.94.
Under the guidelines, then, his net income would be $3,968.06. See Tex. Fam. Code Ann. §
154.061 (Vernon Supp. 1998). Taking 25% of that amount (as required by the guidelines for two
children) would have allowed the trial court to require Timothy to pay as much as $982.02 per
month. Even under Carol's contention that Timothy's net resources would require a child support
payment of $1,070 per month, a finding of $950 per month was within the court's discretion. A
court is not required to impose the maximum amount of an obligor's earning potential but may
consider it. See Tex. Fam. Code. Ann. § 154.066 (Vernon 1996). Thus, Timothy's first point of
error is overruled.(2) Modification of the Duration of Child Support

 The final decree of divorce provides that Timothy will pay child support until any child
reaches 22 years of age provided that the child is enrolled in an accredited college. Under Tex. Fam.
Code Ann. § 154.001 (Vernon 1996), a court may only order support until a child is 18, graduated
from high school, or married, unless the child is disabled. Notably, Tex. Fam. Code Ann. §
154.124(b) (Vernon 1996) states that the terms of the agreement in the order may be enforced by all
remedies available for enforcement of a judgment, including contempt, but are not enforceable as
contract terms unless provided by the agreement. Consequently, if the divorce decree indicates that
its terms are contractual, its provisions will trump any statutory limitations.

 In Bruni v. Bruni, the Texas Supreme Court considered the modification of a child support
order applying section 154.124(c) to determine whether the support order was enforceable as a
contract. See Bruni v. Bruni, 924 S.W.2d 366, 367-68 (Tex. 1996). The court held that when there
is no separate written agreement and the trial court's order is the only written manifestation of the
parties' agreement on support, the trial court's order must provide for enforceability. Id. at 368. See
also Elfeldt v. Elfeldt, 730 S.W.2d 657, 658 (Tex. 1987). The court noted that no "magic words" are
required to provide for enforceability. Bruni, 924 S.W.2d at 368 (holding that "survives the court's
judgment" and "binding on the parties" provided for enforceability). Such consent agreements are
governed by the law of contracts. See id.

 Review of the decree in the present case reveals that its terms were a result of an agreement
between the parties. Most indicative of this agreement is Timothy's signature under the notation
"approved and consented to as to both form and substance." This is sufficient to establish that the
decree was consensual and thereby enforceable as a contract. The trial court was correct to refuse
modification of the duration of child support where the complaining party has expressly consented
to those terms. Timothy's second point of error is overruled.

Modification of the Duration of Spousal Maintenance(4) The Brenners' decree provides that Timothy will pay maintenance for four years. A court
may not enter a maintenance order that remains in effect for more than three years after the date of
the order unless the spouse is unable to support herself through appropriate employment because of
an incapacitating physical or mental disability. Tex. Fam. Code Ann. § 8.005 (Vernon Pamph.
1998). However, Tex. Fam. Code Ann. § 7.006 (Vernon Pamph. 1998) also provides that the
spouses may enter into a written agreement concerning the division of the property and the liabilities
of the spouses and maintenance of either spouse.(5) In essence, then, a consent decree will allow for
the duration of support to extend beyond statutory limitations. Such agreements are considered
contracts and their legal force and meaning are governed by contract law. Wilson v. Uzzel, 953
S.W.2d 384, 388 (Tex. App.--El Paso 1997, no writ).

 Timothy argues that the divorce decree is not contractual and thus its terms are violative of
section 8.005. In Rousseau v. Sprecher, the court determined that appellant's signature specifically
indicating that he approved of all of the terms of the decree constituted a written agreement even
though the decree was in the form of an order. Rousseau v. Sprecher, 843 S.W.2d 300, 301 (Tex.
App.--Houston [14th Dist.] 1992, no writ). To constitute an agreement, there need not be a written
agreement separate and apart from the divorce decree itself. Id. See also Mackey v. Mackey, 721
S.W.2d 575, 578-79 (Tex. App.--Corpus Christi 1986, no writ). Review of the decree reveals that
the maintenance terms were agreed to by the parties. As noted, Timothy signed under the notation
"approved and consented to as to form and substance." Accordingly, the trial court did not abuse
its discretion by concluding that the decree was contractual and consequently refusing to modify the
terms of the order. Timothy's third point of error is overruled.



 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH





1. Cases predating section 154.066 (and former section 14.053(f)) have held that voluntary underemployment
will be found only where the parent reduced his income specifically for the purpose of decreasing child support
payments. Starck v. Nelson, 878 S.W.2d 302, 307 n. 10 (Tex. App.--Corpus Christi 1994, no writ). See Woodall v.
Woodall, 837 S.W.2d 856, 858 (Tex. App.--Houston [14th Dist.] 1992, no writ); Casterline v. Burden, 560 S.W.2d 499,
501 (Tex. Civ. App.--Dallas 1977, no writ); Anderson v. Anderson, 503 S.W.2d 124, 126 (Tex. Civ. App.--Corpus
Christi 1973, no writ). Appellant cites a recent case that has resurrected this analysis. See DuBois v. DuBois, 956
S.W.2d 607, 611 (Tex. App.--Tyler 1997, no writ). However, this application of the statute is, at best, the minority
position and we accordingly refuse to follow it.
2. In a cross-point of error, Carol asserts that the trial court erred by reducing Timothy's child support payment
at all.(3)
3. Timothy argues that Carol's point of error should not even be considered because she did not perfect her
own appeal by filing a notice of appeal under TRAP 25.1(c).



4. Carol contends that no written pleading was filed with the trial court requesting that the court's prior order
be modified to limit the duration of maintenance payments. A prerequisite to presenting a compliant for appellate
review is that the record must reflect that the issue was properly preserved. Tex. R. App. P. 33. Although Timothy's
pleadings do not contain any reference to duration of maintenance payments, the record does reflect that Timothy's
counsel asked the court during trial to consider section 3.9601 (currently section 8.001) for the purpose of limiting
payments to three years. Consequently, the matter is properly before this court.
5. Both sections 3.9605 and 3.631 (now sections 8.005 and 7.006, respectively) in effect at the time of the
entering of the divorce decree contain substantially the same language as their current counterparts. See Act of Sept.
1, 1995, 74th Leg., R.S. ch. 655, § 10.02, 1995 Tex. Gen. Laws 3579, repealed by Act of April 17, 1997, 75th Leg.,
R.S., ch.7, § 3, 1997 Tex. Gen. Laws 43; Act of Sept. 1, 1981, 68th Leg., R.S., ch. 712, § 2, 1981 Tex. Gen. Laws 2656-57, repealed by Act of April 17, 1997, 75th Leg., R.S., ch.7, § 3, 1997 Tex. Gen. Laws 43.



Return to
4th Court of Appeals Opinions