NUMBER 13-00-067-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


 
 RONNIE R. BRAZELL, Appellant,


v.



IDA H. BRAZELL, Appellee.

 
 


On appeal from the 28th District Court


of Nueces County, Texas.


 
 


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and

Rodriguez


Opinion by Chief Justice Valdez



 Appellant Ronnie R. Brazell appeals a decision in the 28th District
Court in Nueces County to raise the amount of child support he must
pay to his ex-wife, Ida H. Brazell, appellee in this case. Appellant and
his ex-wife were divorced on March 26, 1996. Appellant took custody
of their older child, appellee the younger child. Appellant paid the
expenses for the older child; appellee paid expenses for the younger
child. They split the cost of the children's health insurance. 

 On April 24, 1998, the trial court held a hearing dealing with
visitation only, after appellee alleged that appellant violently and publicly
demeaned their younger child. The trial court issued an order on July
20, 1998 changing visitation. The trial court also raised appellant's
requirement for the payment of health insurance due to the fact that the
older son had reached the age of the majority on June 18, 1998 -- after
the hearing. Appellant was ordered to pay all of the health insurance. 
The trial court, on its own initiative, and without hearing any evidence,
or giving any notice to the parties, stated in the order that there would
be no changes to the payment of child support. 

 On October 8, 1998, after the older son who lived with appellant
was emancipated, the trial court heard a motion to modify child
support. The trial court awarded a higher amount of child support to
appellee, but provided no findings of fact or conclusions of law. 
Appellant appeals the trial court's decision to modify the amount of
child support he is required to pay appellee. Appellant organizes his
arguments into twelve issues.

 In his first issue, appellant argues that the trial court erred by not
presenting findings of fact or conclusions of law. A party must request
findings of fact and conclusions of law no later than ten days after the
date of a hearing regarding modification of child support, or must orally
make the request in open court during the hearing, unless the trial
court's award of child support deviates from the amount computed
under the percentage of income guidelines set out in the family code. 
Tex. Fam. Code Ann. § 154.130 (Vernon 1996).(1) Appellant made no oral
request in open court during the hearing for findings of fact or
conclusions of law, and his written request was made more than ten
days after the date of the hearing. The trial court did not vary from the
amount computed by applying the percentage guidelines. See Tex.
Fam. Code Ann. § 154.129 (Vernon 1996). Any possible error is
therefore not preserved for our review.

 Even if this issue were preserved for our review, any error is
harmless. The test for harm when the trial court has filed no findings
of fact or conclusions of law is whether the appellant will be forced to
guess the reason or reasons the trial judge ruled against him. City of
Los Fresnos v. Gonzalez, 830 S.W.2d 627, 629 (Tex. App.--Corpus
Christi 1992, no pet.). It is clear from the record that the only
dispositive conclusion the trial court made was that appellant had the
earning capacity to pay the increased child support ordered. The facts
underlying this conclusion are clearly set out in the record. We overrule
appellant's first issue.

 In his second and third issues, appellant argues that the trial court
erred by considering changes in circumstances that occurred prior to
the date of the order that changed his visitation privileges. He bases
this argument on the fact that the trial court stated in the order
regarding visitation privileges that there were no changes in the amount
of support he must pay, except that he must pay a greater amount of
health insurance for his younger son. A court may not modify a child
support order within three years of a prior order regarding child support
or a prior modification of child support unless there has been a material
or substantial change in circumstances since the time of the prior order. 
Tex. Fam. Code Ann. § 156.401(a) (Vernon Supp. 2001). 

 In her first amended motion to modify, appellee requested that the
trial court look both to the time the visitation order was entered and the
time of the divorce. It was within the discretion of the trial court to hear
evidence regarding changes in circumstances since the time of the
divorce as well as changes in circumstances only since the time of the
prior order, but the court could only have based its decision on the
changes since the time of the prior order. See id.; See Flores v. Fourth
Court of Appeals, 777 S.W.2d 38, 41 (Tex. 1989) (admission of
evidence within discretion of trial court). Changes since the prior order
include: increased educational expenses, including prospective raises
in the cost of private school tuition and the costs of school materials;
and, present and future costs for supplies and travel for extracurricular
activities, such as tennis, band, and school dances. These expenses
also included present and future increased living expenses, including
larger amounts of food and new clothes for their growing son, and
driver's education and dramatic increases in the cost of car insurance;
and increased taxes and insurance costs for their home. See Tex. Fam.
Code Ann. § 156.401(a) (Vernon Supp. 2001). We find sufficient
evidence in the record to support the trial court's modification of the
child support order. We overrule appellant's second and third issues. 

 In appellant's fourth, fifth, sixth and seventh issues, he attacks the
factual and legal sufficiency of the evidence that he could pay the higher
amount of child support ordered by the trial court. In these issues,
appellant argues (1) the trial court should not have found that he was
purposefully under-employed, (2) the trial court should have assessed
his child support according to the income he reported on his tax returns
rather than his earning potential, (3) the trial court failed to consider his
debt burden and obligations in determining whether to raise or reduce
the amount of child support he must pay, and (4) the trial court had no
basis for the numbers it used to calculate his child support.

 In a bench trial, the trial judge passes on the witness's credibility
and the weight given the witness's testimony, and can reject or accept
any witness's testimony in whole or in part. See Texas W. Oil & Gas
Corp. v. El Paso Gas Trans. Co., 631 S.W.2d 521, 524 (Tex. App.--El
Paso 1982, writ ref'd n.r.e.). When we review a legal sufficiency
challenge, we consider all the evidence in the record in a light most
favorable to the party in whose favor the verdict has been rendered and
indulge every reasonable inference in that party's favor. Formosa
Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc., 960 S.W.2d
41, 48 (Tex. 1998). If the finding is supported by probative evidence,
then we overrule the point and uphold the finding. Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989). When
confronting a factual insufficiency challenge, we overturn findings only
if they are so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. Ortiz v. Jones, 917 S.W.2d
770, 772 (Tex. 1996).

 A parent who is qualified to obtain gainful employment cannot
avoid his or her support obligations by voluntarily remaining
unemployed. Powell v. Powell, 721 S.W.2d 394, 396 (Tex. App.--Corpus Christi 1986, no writ). A trial court may use a defendant's
earning capacity to determine the correct level of child support if he or
she is intentionally under-employed. Tex. Fam. Code Ann. § 154.123(5)
(Vernon 1996). 

 Appellant testified that referral sources to his law practice have
dried up, and that he could not find a job working for someone else. 
Appellant admitted that he was not advertising his law practice and
gave no explanation of any attempt to revive it. His testimony reflected
that he is an excellent lawyer with prestigious credentials and twenty-two years legal experience, and that similarly situated attorneys could
earn at least $60,000 annually. The trial court received testimony from
appellee that even apart from appellant's very heavy burden of debt, he
was spending more money than he admitted to having.

 Appellant further testified that he had accumulated approximately
$200,000 in credit card debt on thirty-two credit cards. Only certain
taxes, union dues, and health insurance expenses for the child may be
deducted before calculating the amount due in child support. Tex. Fam.
Code Ann. § 154.062(d) (Vernon 1996). Post-divorce voluntary credit
card debt does not shelter a parent from supporting his child. See Cole
v. Cole, 882 S.W.2d 90, 94 (Tex. App.--Houston [14th Dist.] 1994, writ
denied). We find the evidence legally and factually sufficient to support
the trial court's order and overrule appellant's fourth, fifth, sixth and
seventh issues.

 In his eighth issue, appellant argues that the trial court erred by
ordering him to pay retroactive child support prior to the earlier of either
the date of service of citation upon him, or the date of his appearance
in the suit. The family code gives the trial judge discretion to modify
child support on a retroactive basis. Tex. Fam. Code Ann. § 156.401(b)
(Vernon Supp. 2001). The trial court stated that it would calculate
appellant's back child support back to the point when the motion to
modify was filed, but actually calculated the child support only back to
the date appellant was served. Consequently, it is not necessary to
discuss the issue of whether the trial court could properly award child
support retroactively back to the point the motion to modify was filed. 
 The family code explicitly allows the trial judge to modify child support
back to the point a defendant is served. Id. We therefore overrule
appellant's eighth issue.

 Appellant's ninth issue deals with comments made by the court
regarding a letter appellant wrote while appellee was running for
district judge. Appellant argues that the trial court erred by considering
this letter and the trial court was biased against appellant for having
exercised his right to free political expression. The letter was never
brought before the court. The trial judge brought it up sua sponte
towards the end of the hearing. 

 The trial judge is responsible for general conduct during the trial,
and we allow him discretion in expressing himself while he controls the
trial, even though he should refrain from verbally confronting or
displaying displeasure towards counsel. Pitt v. Bradford Farms, 843
S.W.2d 705, 706 (Tex. App.--Corpus Christi 1992, no writ). To reverse
a judgment on the ground of judicial misconduct, we must find judicial
impropriety coupled with probable prejudice to the complaining party. 
Id. We examine the record as a whole to determine whether any
impropriety harmed appellant. Id. at 706-07.

 We have reviewed the entire record and have found a brief
comment by the trial judge about appellant's out-of-court behavior. 
This comment should not have been made at trial. However, the
evidence before the court fully supports its decision to modify
appellant's child support payments and no harm is shown. See id. We
overrule appellant's ninth issue.

 In his tenth issue, appellant argues that the trial court erred by
refusing to abate or lower the payment of child support because he did
not have access to his child. "A court may not render an order that
conditions the payment of child support on whether a managing
conservator allows a possessory conservator to have possession of or
access to a child." Tex. Fam. Code Ann. § 154.011 (Vernon 1996). 
Appellant makes the novel argument that because he is a joint
managing conservator, this provision of the family code should not
apply. We see no difference in this distinction; the record shows that
appellee has primary custody of their younger son and that appellant
has chosen not to fully exercise his visitation rights. We overrule
appellant's tenth issue.

 In his eleventh and twelfth issues, appellant argues that the trial
court should not have required him to pay appellee's attorney's fees and
instead should have required appellee to pay his attorney's fees. We
review the trial court's decision to assess attorney's fees in a child
custody matter for an abuse of discretion. See D.R. v. J.A.R., 894
S.W.2d 91, 95 (Tex. App.--Fort Worth 1995, writ denied). An abuse of
discretion does not occur so long as some evidence of a substantive
and probative character exists to support the trial court's decision. Id. 
The trial court heard evidence regarding the time and labor involved in
representing appellee and the value of the interest involved. We see no
abuse of discretion. We overrule appellant's eleventh and twelfth
issues.

 We AFFIRM the judgment of the trial court.

 ___________________

 ROGELIO VALDEZ

 Chief Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 26th day of April, 2001.

 

1. Cf. Tex R. Civ. P. 296 (twenty day period to request findings of
fact and conclusions of law applicable in most circumstances).