NUMBER 13-10-00145-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI—EDINBURG



 



 

CORPUS
CHRISTI HOUSING AUTHORITY,                                       Appellant, 

 

v.

 

MARTINA
ESQUIVEL AND 

ALL
OTHER OCCUPANTS,                                                                  Appellees.



 



 

On appeal from the County Court at Law No. 5 

of Nueces County, Texas.



 



 

MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes   

Memorandum Opinion by Justice Perkes 


            Appellant, Corpus Christi Housing Authority (“Housing
Authority”), appeals a judgment denying eviction.  By two issues, the
Housing Authority contends the trial court erred by:  (1) failing to file
findings of fact and conclusions of law; and (2) failing to grant an eviction. 
No findings of fact and conclusions of law were filed, and a new judge has been
elected to preside over the trial court.  After reviewing the record, we
conclude the trial court’s failure to make findings and conclusions was error
and that it harmed the Housing Authority. We reverse the judgment and remand the
case for a new trial.

I.             
Factual
And Procedural Background

The Housing Authority initiated
eviction proceedings in justice court against Martina Esquivel[1]
(hereinafter “Esquivel”), alleging one of the occupants engaged in criminal
activity on public-housing property.  The Housing Authority prevailed.  Esquivel
appealed to the County Court at Law, where the Honorable Judge Terry Shamsie
presided over a bench trial in this matter.   

Esquivel did not present evidence
during the trial.  Rather, she claimed during her opening statement that five
males attacked her son, and that her son stabbed one of them with a pocketknife
while acting in self defense.  Esquivel stated that at the time of the
incident, she lived in a public-housing unit with her three sons and a baby who
had been placed with her.  

The Housing Authority presented
testimony from a Corpus Christi police officer and a Housing Authority
representative.  The police officer investigated the stabbing.  He testified
that Esquivel’s son, after initially denying the use of the knife, admitted to
waving a knife around in self defense during a “big scuffle” between five
people and himself.  He further testified that blood was found on the pavement
outside Esquivel’s unit and that one person was treated at a hospital for stab
wounds.  The Housing Authority’s representative testified that, based on his
review of the police report, he concluded Esquivel’s son had stabbed someone
and engaged in violent criminal activity on the lease premises in violation of
Esquivel’s lease agreement.[2]   


Judge Shamsie entered judgment in
favor of Esquivel, thereby denying eviction. The Housing Authority timely requested findings of fact
and conclusions of law.  See Tex.
R. Civ. P. 296.  The trial court
failed to make findings or conclusions within the allotted time, and the
Housing Authority timely filed a proper notice of past-due findings or
conclusions.  See Tex. R. Civ. P.
297.  Notwithstanding, Judge Shamsie did not make and file any findings of fact
or conclusions of law.

II.  Standard of Review 

            After a bench trial, a trial court must file written findings of fact and
conclusions of law when timely requested by a party.  See Tex. R. Civ. P. 296, 297; Cherne
Industries, Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex.1989).  The trial
court's failure to respond to a timely request is error and is presumed harmful
unless the record affirmatively shows that the complaining party has suffered
no harm.  Cherne Industries, 763 S.W.2d at 772.  An appellant is harmed
if there are two or more possible grounds on which the court could have ruled
and the appellant is left to guess the basis of the trial court's ruling.  See
Anzaldua v. Anzaldua, 742 S.W.2d 782, 783–84 (Tex. App.—Corpus Christi
1988, writ denied); Liberty Mutual Fire Ins. v. Laca, 243 S.W.3d
791, 794 (Tex. App.—El Paso 2007, no pet.).  Generally, the proper remedy in
that situation is to abate the appeal and direct the trial court to correct its
error.  Zieba v. Martin, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th
Dist.] 1996, no pet.).  But when the trial-court judge has been replaced as a
result of an election, the judge’s successor who did not participate in the
proceedings in the trial court may not make and file the findings and
conclusions.  See Anzaldua, 742 S.W.2d at 783; Laca, 243 S.W.3d
at 796; Larry F. Smith v. The Weber Co., 110 S.W.3d 611, 616 (Tex.
App.—Dallas 2003, pet. denied).  

III.  Discussion 

            The trial court was required to file findings of fact and
conclusions of law because the Housing Authority made a timely request, and
filed a timely notice of past-due findings and conclusions.  See Tex. R. Civ.
P. 296, 297.  The record on appeal shows that
without findings of fact and conclusions of law, the Housing Authority is
forced to guess at the reason for the trial court’s ruling and is thereby
harmed in presenting issues for review on appeal.  See Anzaldua, 742 S.W.2d at 783–84; Laca,
243 S.W.3d at 795–96; Smith, 110 S.W.3d at 615–16 (discussing how findings of fact and
conclusions of law narrow issues for review on appeal).  The trial court could
have found Esquivel’s son acted in self defense that was not prohibited, or
that the Housing Authority failed to prove participation in criminal activity
by a preponderance of the evidence, or both.  

We take judicial notice that since
the time for filing
findings and conclusions expired in this case, a new judge, the Honorable Judge
Brent Chesney, was elected and now presides over the trial court.  See In re
Newby, 280 S.W.3d 298, 301–02 n.2 (Tex. App.—Amarillo 2008, orig.
proceeding) (discussing authority of appellate court to take judicial notice
and taking judicial notice of appointment of new trial-court judge). 
Accordingly, we sustain the Housing Authority’s first issue on appeal.  In
light of our disposition of the Housing Authority’s first issue, we need not
reach its second issue.  See e.g., Anzaldua, 742 S.W.2d at
782–83.

IV.  CONCLUSION

We reverse the trial court’s judgment
and remand this case to the trial court for a new trial.

 

                                                                                    _______________________________

GREGORY T. PERKES

                                                                                    Justice

 

Delivered and filed the 

9th day of June, 2011. 









[1]
Martina Esquivel and All Other Occupants are named as defendants in the
lawsuit. 

 





[2]
The Housing Authority’s Notice to Terminate the Lease includes a section
entitled “Basis for Eviction Summary,” which states:

 

On 07-13-09, CCPD responded
to a disturbance and physical fight on [the] property.  Victor Ramirez, Jr. is
listed as the offender and [is] charged with Aggravated Assault W/Deadly Weapon
for stabbing someone.  The activity is documented on Corpus Christi Police
Department, Incident/Investigation Report, Case #0907130019.  This criminal
activity places Martina E. Esquivel and all household members in direct
violation of the Zero Tolerance, One Strike Policy.