**LIBERTY MUTUAL FIRE INSURANCE, Appellant,**

v.

**Armando G. LACA, Appellee.**

**No. 08–06–00036–CV.**

Court of Appeals of Texas, El Paso.

Dec. 6, 2007.

Charles E. Morse, Downs Stanford, P.C., Austin, for Appellant.

Armando G. Laca, El Paso, pro se.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

Appellant, Liberty Mutual Fire Insurance, appeals the district court's judgment in favor of workers' compensation claimant, Appellee, Armando Laca. Because the trial court's failure to file findings of fact and conclusions of law, despite a timely request and reminder was harmful error, and the judge presiding in the case has been replaced as the result of an election, we will reverse the trial court's judgment and remand the case for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Laca injured his right shoulder on April 17, 2003, while he was employed by Vertex Aerospace, L.L.C. ("Vertex"). Laca was injured while he was helping a coworker tighten a nut on a five-ton truck wheel. Laca injured the shoulder when he attempted to catch the wrench he was using, after it slipped out of place. Laca continued to work for two months after the accident. He testified that, although he immediately felt pain in his shoulder, he believed that he had merely pulled a muscle in his arm when he caught the wrench. Laca did not seek medical attention for his injury until June 20, 2003. An MRI of Laca's shoulder, taken June 26, 2003, showed rotator cuff damage. Laca's physician recommended surgery to repair the damage. Laca reported the injury to his employer on June 30, 2003. Laca did not return to work pending recommended surgery.

Laca filed a workers' compensation claim against Vertex, and the parties attended a contested case hearing on October 22, 2003. The hearing officer found that Laca failed to prove that he had sustained a compensable injury in the course and scope of his employment on April 17 and that Liberty Mutual, Vertex's insurance provider, was relieved of liability under Tex. Lab.Code Ann. § 409.002, because Laca failed to notify his employer of his injury within thirty days of the incident. The Texas Workers' Compensation Appeals Panel affirmed the hearing officer's findings. Laca then sought judicial review of the Appeals Panel decision. *See* Tex. Lab.Code Ann. § 410.252.

In its final judgment, entered November 15, 2005, the trial court reversed the Appeals Panel decision and determined that: (1) Laca proved by a preponderance of the evidence that he sustained a compensable injury on April 17, 2003; (2) Liberty Mutual is not relieved of liability under Texas Labor Code section 409.002, because of Laca's failure to timely notify his employer within thirty days of the injury, pursuant to Texas Labor Code section 409.001; and (3) Laca proved by a preponderance of the evidence that he had a disability resulting from the April 17 injury. The trial court did not state the extent or duration of Laca's disability, nor did the judgment specify the basis for excusing his failure to report the injury to his employer within thirty days, under Tex. Lab.Code Ann. § 409.002.

Following the district court's decision, Liberty Mutual timely requested findings of fact and conclusions of law, pursuant to Texas Rule of Civil Procedure 296. When

the trial court failed to respond, Liberty Mutual notified the trial court that the findings were past due. *See* Tex.R. Civ. P. 297. The trial court did not respond to the notice that the findings were past due. Liberty Mutual now appeals the trial court's judgment, raising four issues for review.

In Issue One, Liberty Mutual contends that the trial court committed reversible error by failing to make the requested findings of fact and conclusions of law. Because we find this issue determinative of the appeal, we will not address Liberty Mutual's remaining issues.

## DISCUSSION

■■■ The Texas Rules of Civil Procedure provide a party with the procedural right to request that, following a bench trial, the trial court prepare written findings of fact and conclusions of law. *See* Tex.R. Civ. P. 296. The trial court's duty to make such findings, in response to a timely request, is mandatory. *See* Tex.R. Civ. P. 297; *see also Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex. 1989). A trial court's failure to respond to a timely request is presumed to be harmful error, unless the appellate record affirmatively shows that the complaining party has suffered no harm. *Id.*

■■■ The general rule is that an appellant has been harmed if, under the circumstances of the case, he is forced to guess the reason(s) why the trial court ruled against him. *Larry F. Smith, Inc. v. Weber Co., Inc.,* 110 S.W.3d 611, 614 (Tex.App.-Dallas 2003, pet. denied). If there is only a single ground of recovery or a single defense in the case, the record would show that the appellant has suffered no harm, because he is not forced to guess the reasons for the trial court's judgment. *Id.; Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,* 225 S.W.3d 68, 77 (Tex.

App.-El Paso 2005, no pet.). On the other hand, when there are multiple grounds for recovery or multiple defenses, an appellant is forced to guess what the trial court's findings were, unless they are provided to him. *Larry F. Smith,* 110 S.W.3d at 614; *Nevada Gold & Silver,* 225 S.W.3d at 77. Putting the appellant in the position of having to guess the trial court's reasons for rendering judgment against him defeats the inherent purpose of Rules 296 and 297. *Larry F. Smith,* 110 S.W.3d at 614. The purpose of a request under the rules is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." *Id.* (citing 6 McDonald & Carlson, Texas Civil Practice § 18:3 (2d ed.1998)).

To succeed in the district court, Laca had the burden of proving by a preponderance of the evidence that he suffered a compensable injury and was disabled as a result of the injury. *See* Tex. Lab.Code Ann. § 410.302(b) (an appeal to the district court is limited to the issues decided by the appeals panel); *see also* Tex. Lab.Code Ann. § 410.303 (the party appealing an issue to the district court has the burden of proof by a preponderance of the evidence). The Labor Code defines "compensable injury" as "an injury that arises out of and in the course and scope of employment for which compensation is payable...." Tex. Lab.Code Ann. § 401.011(10). A "disability" is "the inability because of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage." Tex. Lab.Code Ann. § 401.011(16).

Laca also contested the Appeals Panel decision that he did not prove that there was good cause for his failure to report the injury to his employer within thirty days. As noted above, the Labor Code requires

an injured employee to notify his employer of the injury within thirty days of the date on which the injury occurred. Tex. Lab. Code Ann. § 409.001(a)(1). An employee's failure to notify his employer within thirty days will relieve the employer and the employer's insurance carrier of liability, unless the employee can show that (1) the employer had actual knowledge of the injury, (2) there was good cause for the employee's failure to provide notice, or (3) the employer or the employer's insurance carrier does not contest the claim. Tex. Lab. Code Ann. § 409.002.

During the bench trial, Laca defended his failure to provide Vertex timely notice by testifying that he believed he had merely pulled a muscle in his arm or was suffering from arthritis and that he did not realize the injury was serious until after the MRI. Laca also testified that several of his coworkers knew about the incident and the fact that he was having trouble with his shoulder during the weeks in which he continued to work after the accident.

Without findings of fact and conclusions of law, Liberty Mutual is forced to guess at the underlying basis for the trial court's judgment. The trial court could have determined that Laca had good cause not to report the injury, or that Vertex had notice of the accident through other employees, or both. In addition, without a finding as to the severity of Laca's disability and how long it continued, there is no way for Liberty Mutual to determine how much Laca's claim is worth or how much it would be obligated to pay, if it chose not to appeal the trial court's order.

We agree with our sister Court of Appeals in Dallas that, if we were to review the trial court's judgment without the benefit of findings of fact and conclusions of law, we would be forced to apply the standard of review used in cases where a party does not make a Rule 296 request. *See Larry F. Smith*, 110 S.W.3d at 615. As that case explained, "the absence of written findings and conclusions would permit us to affirm the trial court's judgment on any legal theory supported by the evidence. To confront the scope of our permissible review, [the appellant] would have to broaden his appeal to challenge all possible grounds supporting the judgment." *Id.* We do not believe that it would be appropriate, or in accordance with the objectives of Rules 296 and 297, to hold a party which has made a timely request for the basis(es) of the trial court's judgment to the same standard of review as if the party had not done so. Requiring an appellant to undertake a broad attack on all potential bases for the trial court's judgment, in addition to challenging the trial court's failure to file findings of fact and conclusions of law, would require that appellant to expend resources on briefing issues which may be rendered meaningless after the trial court's findings become available.[1] *See McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, No. 04-02-00511-CV, 2003 WL 21696635, at *2 (Tex.App.-San Antonio July 23, 2003, no pet.) (mem. op., not designated for publication). Since there were multiple grounds upon which the trial court might have based its decision, the record does not affirmatively show that Appellant was not harmed by that court's failure to respond to its timely request for findings of fact and conclusions of law. Issue One is therefore sustained.

 Having determined the trial court committed reversible error, we must

---

**1.** Such a requirement may likewise require the appellate court to spend unnecessary time reviewing one or more issues which, but for the trial court's failure, would not be before it.

now determine the appropriate disposition of the case. The preferable remedy in this type of situation is for the appellate court to abate the appeal and remand the case to the trial court for entry of findings of fact and conclusions of law. *See Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 321 (Tex.App.-El Paso 1996, no writ). In this case, however, that remedy is not available. Because the judge who handled the case has been replaced as the result of an election, we must reverse and remand the case for a new trial. *Cf. Cherne Indus.*, 763 S.W.2d at 773 (trial court's failure to provide findings of fact and conclusions of law was remediable, because "the trial judge continues to serve on the district court"); *see also Brooks*, 926 S.W.2d at 321 (new trial is the proper remedy when the trial court cannot forward findings to the court of appeals due to loss of record, problems with memory, passage or time, or "other inescapable difficulties").

The Rules of Civil Procedure and the Civil Practice and Remedies Code allow a successor judge to make findings of fact in certain listed situations, to wit, when the preceding judge has died, resigned, or become disabled during his term of office. *See* Tex.R. Civ. P. 18; Tex. Civ. Prac. & Rem.Code Ann. § 30.002. However, there is no provision for the instant situation, where the trial judge has been replaced as the result of an election. *See Larry F. Smith*, 110 S.W.3d at 611.

Accordingly, having sustained Appellant's Issue One, we reverse the trial court's judgment and remand the case for a new trial.