COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BLUEBONNET FINANCIAL ASSETS, | § | No. 08-07-00282-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court No. 5 |
| | § | of Collin County, Texas |
| MARVIN MILLER, | § | (TC# 005-3458-06) |
| Appellee. | § | |
| | § | |

## **O P I N I O N**

Bluebonnet Financial Assets appeals a take-nothing judgment entered in favor of its debtor, Mr. Marvin Miller. Because the trial court failed to comply with a timely request for findings of fact and conclusions of law, we will abate the appeal for entry of such findings.

Bluebonnet Financial Assets ("Bluebonnet") sued Mr. Marvin Miller in December of 2006, because he had defaulted on a credit card account owned by the entity. Bluebonnet's petition included several grounds for recovery; including breach of contract, account stated, quantum merit, unjust enrichment, and attorney's fees. The case was tried to the court on July 5, 2007. On August, 3, 2007, the trial court entered a take-nothing judgment in favor of Mr. Miller. The trial court then signed findings of fact and conclusions of law on August 22, 2007. Contrary to the judgment, the trial court's findings stated that Mr. Miller owed Bluebonnet over $15,000 on a past due account and $750 for attorney's fees. Alternatively, the findings stated that Bluebonnet established its right to recover under its quantum merit and unjust enrichment claims.

Bluebonnet filed its notice of appeal on August 28, 2007.[1]  On that same date, Mr. Miller filed an emergency motion to set aside the trial court's August 22 findings, or to amend or filed additional findings.  The trial court granted Mr. Miller's motion and set aside its findings on August 30.  On September 5, Bluebonnet filed a second request for findings.  According to Bluebonnet's motion, Mr. Miller's emergency motion was granted without notice or hearing.  When the trial court failed to respond to Bluebonnet's second request for findings, the entity timely filed a notice of past due findings.  The trial court did not respond to Bluebonnet's past due notice.

In Issue Six, Bluebonnet contends that the trial court erred by failing to make findings in response to its September 5 request.  Because we find this issue determinative of the appeal at this point, we will limit our review to this issue.

Texas Rule of Civil Procedure 296 provides a party with the procedural right to request that the trial court prepare written findings of fact and conclusions of law.  *See* TEX.R.CIV.P. 296.  Texas Rule of Civil Procedure 297 makes the trial court's duty to make such findings in response to a timely request mandatory.  *See* TEX.R.CIV.P. 297; *see also Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1999).  A trial court's failure to respond to a timely request is presumed to be harmful error unless the appellate record affirmatively shows that the complaining party has suffered no harm.  *Cherne Indus., Inc.*, 763 S.W.2d at 772.

As a preliminary matter, it is necessary to address the timeliness of Bluebonnet's September 5 request for findings.  A party's Rule 296 request for findings of fact and conclusions of law is due to be filed with the clerk of the court within twenty days of the date the judgment is

---

[1] Mr. Miller has not appeared in this appeal.

signed.  TEX.R.CIV.P. 296.  If the trial court fails to respond to a request for findings within twenty days, the requesting party must file a notice of past due findings within thirty days of the original request.  TEX.R.CIV.P. 297.  Here, we have a rather unique situation where a party has made a timely request for findings which were timely entered in the record, only to have those findings be set aside pursuant to the opposing party's motion, outside time period in which another request, or a request for additional findings, could be made.  *See* TEX.R.CIV.P. 296, 298.

Were we to count from August 3, the date the judgment was signed, Bluebonnet's September 5 request for findings would be untimely, as would its past due notice.  Bluebonnet would no longer be entitled to findings.  *See Cherne Indus., Inc.*, 763 S.W.2d at 772.  This result frustrates the purpose of Rules 296 and 297, and leaves a party who has otherwise complied with the rules' requirements without a remedy.  Without findings of fact and conclusions of law, Bluebonnet would be forced to guess what the trial court's findings were unless they are provided to them.  *See Brown v. McGonagill*, 940 S.W.2d 178, 180 (Tex.App.--San Antonio 1996, no writ).  Putting the appellant in the position of having to guess the trial court's reasons for rendering judgment against it defeats the inherent purpose of Rules 296 and 297.  *Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 614 (Tex.App.–Dallas 2003, writ denied).  The purpose of a request under the rules is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal."  *Id*.  Requiring an appellant to undertake a broad attack on all the potential bases for the trial court's judgment requires an appellant to expend resources on briefing that may be rendered meaningless after the trial court's findings become available.  *Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 795 (Tex.App.--El Paso 2007, no pet.).

Bluebonnet has continually pursued its request for findings. Because Bluebonnet has conscientiously exercised its right to findings despite its opposing party's actions, and because we conclude it would frustrate the purposes of Rules 296 and 297 to hold otherwise, we will calculate Bluebonnet's deadline for findings of fact and conclusions of law from the date the trial court set aside the initial set of findings. When we calculate from that date, Bluebonnet's September 5 request was timely, as was its past due notice. Therefore, the trial court had an affirmative duty to enter findings of fact and conclusions of law pursuant to a timely request. Because the court has not entered findings, we must next address the question of harm.

The general rule is that an appellant has been harmed by a trial court's failure to enter findings of fact and conclusions of law if, under the circumstances of the case, he is forced to guess the reasons the trial court ruled against him. *Larry F. Smith, Inc.*, 110 S.W.3d at 614. If there is only a single ground of recovery or a single defense in the case, the record shows the appellant has suffered no harm because he is not forced to guess the reasons for the trial court's judgment. *Id*. In a case such as this one, where there are multiple grounds upon which the trial court could have based its decision, the record does not affirmatively show appellant was not harmed by the trial court's failure to respond to a timely request for findings of fact and conclusions of law. *See Laca*, 243 S.W.3d at 795. The preferable remedy in this situation is for the appellate court to abate the appeal to allow the missing findings to be entered. *Cherne Indus., Inc.*, 763 S.W.2d at 773; *Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 321 (Tex.App.--El Paso 1996, no writ). Accordingly, we abate this appeal and direct the trial judge to enter findings of fact and conclusions of law and forward the same to the District Clerk of Collin County within thirty (30) days of the date of this opinion. It is further ordered that the

-4-

District Clerk of Collin County prepare a supplemental clerk's record and forward the same to this Court with fifteen (15) days of the filing of the findings of fact and conclusions of law.


May 1, 2009                                         Per Curiam

Before Chew, C.J., McClure, and Rivera, JJ.