COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




BLUEBONNET FINANCIAL ASSETS,


 Appellant,


v.



MARVIN MILLER,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00282-CV



Appeal from the


County Court No. 5


of Collin County, Texas 


(TC# 005-3458-06) 



O P I N I O N


 Bluebonnet Financial Assets appeals a take-nothing judgment entered in favor of its
debtor, Mr. Marvin Miller. Because the trial court failed to comply with a timely request for
findings of fact and conclusions of law, we will abate the appeal for entry of such findings.

 Bluebonnet Financial Assets ("Bluebonnet") sued Mr. Marvin Miller in December of
2006, because he had defaulted on a credit card account owned by the entity. Bluebonnet's
petition included several grounds for recovery; including breach of contract, account stated,
quantum merit, unjust enrichment, and attorney's fees. The case was tried to the court on July 5,
2007. On August, 3, 2007, the trial court entered a take-nothing judgment in favor of Mr. Miller. 
The trial court then signed findings of fact and conclusions of law on August 22, 2007. Contrary
to the judgment, the trial court's findings stated that Mr. Miller owed Bluebonnet over $15,000
on a past due account and $750 for attorney's fees. Alternatively, the findings stated that
Bluebonnet established its right to recover under its quantum merit and unjust enrichment claims. 

 Bluebonnet filed its notice of appeal on August 28, 2007. (1) On that same date, Mr. Miller
filed an emergency motion to set aside the trial court's August 22 findings, or to amend or filed
additional findings. The trial court granted Mr. Miller's motion and set aside its findings on
August 30. On September 5, Bluebonnet filed a second request for findings. According to
Bluebonnet's motion, Mr. Miller's emergency motion was granted without notice or hearing. 
When the trial court failed to respond to Bluebonnet's second request for findings, the entity
timely filed a notice of past due findings. The trial court did not respond to Bluebonnet's past
due notice.

 In Issue Six, Bluebonnet contends that the trial court erred by failing to make findings in
response to its September 5 request. Because we find this issue determinative of the appeal at
this point, we will limit our review to this issue.

 Texas Rule of Civil Procedure 296 provides a party with the procedural right to request
that the trial court prepare written findings of fact and conclusions of law. See Tex.R.Civ.P. 
296. Texas Rule of Civil Procedure 297 makes the trial court's duty to make such findings in
response to a timely request mandatory. See Tex.R.Civ.P. 297; see also Cherne Indus., Inc. v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1999). A trial court's failure to respond to a timely
request is presumed to be harmful error unless the appellate record affirmatively shows that the
complaining party has suffered no harm. Cherne Indus., Inc., 763 S.W.2d at 772. 

 As a preliminary matter, it is necessary to address the timeliness of Bluebonnet's
September 5 request for findings. A party's Rule 296 request for findings of fact and conclusions
of law is due to be filed with the clerk of the court within twenty days of the date the judgment is
signed. Tex.R.Civ.P. 296. If the trial court fails to respond to a request for findings within
twenty days, the requesting party must file a notice of past due findings within thirty days of the
original request. Tex.R.Civ.P. 297. Here, we have a rather unique situation where a party has
made a timely request for findings which were timely entered in the record, only to have those
findings be set aside pursuant to the opposing party's motion, outside time period in which
another request, or a request for additional findings, could be made. See Tex.R.Civ.P. 296, 298.

 Were we to count from August 3, the date the judgment was signed, Bluebonnet's
September 5 request for findings would be untimely, as would its past due notice. Bluebonnet
would no longer be entitled to findings. See Cherne Indus., Inc., 763 S.W.2d at 772. This result
frustrates the purpose of Rules 296 and 297, and leaves a party who has otherwise complied with
the rules' requirements without a remedy. Without findings of fact and conclusions of law,
Bluebonnet would be forced to guess what the trial court's findings were unless they are
provided to them. See Brown v. McGonagill, 940 S.W.2d 178, 180 (Tex.App.--San Antonio
1996, no writ). Putting the appellant in the position of having to guess the trial court's reasons
for rendering judgment against it defeats the inherent purpose of Rules 296 and 297. Larry F.
Smith, Inc. v. The Weber Co., Inc., 110 S.W.3d 611, 614 (Tex.App.-Dallas 2003, writ denied). 
The purpose of a request under the rules is to "narrow the bases of the judgment to only a portion
of [the multiple] claims and defenses, thereby reducing the number of contentions that the
appellant must raise on appeal." Id. Requiring an appellant to undertake a broad attack on all the
potential bases for the trial court's judgment requires an appellant to expend resources on
briefing that may be rendered meaningless after the trial court's findings become available. 
Liberty Mut. Fire Ins. v. Laca, 243 S.W.3d 791, 795 (Tex.App.--El Paso 2007, no pet.).

 Bluebonnet has continually pursued its request for findings. Because Bluebonnet has
conscientiously exercised its right to findings despite its opposing party's actions, and because
we conclude it would frustrate the purposes of Rules 296 and 297 to hold otherwise, we will
calculate Bluebonnet's deadline for findings of fact and conclusions of law from the date the trial
court set aside the initial set of findings. When we calculate from that date, Bluebonnet's
September 5 request was timely, as was its past due notice. Therefore, the trial court had an
affirmative duty to enter findings of fact and conclusions of law pursuant to a timely request. 
Because the court has not entered findings, we must next address the question of harm.

 The general rule is that an appellant has been harmed by a trial court's failure to enter
findings of fact and conclusions of law if, under the circumstances of the case, he is forced to
guess the reasons the trial court ruled against him. Larry F. Smith, Inc., 110 S.W.3d at 614. If
there is only a single ground of recovery or a single defense in the case, the record shows the
appellant has suffered no harm because he is not forced to guess the reasons for the trial court's
judgment. Id. In a case such as this one, where there are multiple grounds upon which the trial
court could have based its decision, the record does not affirmatively show appellant was not
harmed by the trial court's failure to respond to a timely request for findings of fact and
conclusions of law. See Laca, 243 S.W.3d at 795. The preferable remedy in this situation is for
the appellate court to abate the appeal to allow the missing findings to be entered. Cherne Indus.,
Inc., 763 S.W.2d at 773; Brooks v. Housing Auth. of City of El Paso, 926 S.W.2d 316, 321
(Tex.App.--El Paso 1996, no writ). Accordingly, we abate this appeal and direct the trial judge
to enter findings of fact and conclusions of law and forward the same to the County Clerk of
Collin County within thirty (30) days of the date of this opinion. It is further ordered that the
County Clerk of Collin County prepare a supplemental clerk's record and forward the same to
this Court with fifteen (15) days of the filing of the findings of fact and conclusions of law. 




May 1, 2009 Per Curiam


Before Chew, C.J., McClure, and Rivera, JJ.
1. Mr. Miller has not appeared in this appeal.