

# NUMBER 13-10-00145-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

| | |
|---|---|
| **CORPUS CHRISTI HOUSING AUTHORITY,** | **Appellant,** |

**v.**

| | |
|---|---|
| **MARTINA ESQUIVEL AND ALL OTHER OCCUPANTS,** | **Appellees.** |

### On appeal from the County Court at Law No. 5 of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Corpus Christi Housing Authority ("Housing Authority"), appeals a judgment denying eviction. By two issues, the Housing Authority contends the trial court erred by: (1) failing to file findings of fact and conclusions of law; and (2) failing to grant an eviction. No findings of fact and conclusions of law were filed, and a new judge has been elected to preside over the trial court. After reviewing the record, we conclude

the trial court's failure to make findings and conclusions was error and that it harmed the Housing Authority. We reverse the judgment and remand the case for a new trial.

## I.     Factual And Procedural Background

The Housing Authority initiated eviction proceedings in justice court against Martina Esquivel[1] (hereinafter "Esquivel"), alleging one of the occupants engaged in criminal activity on public-housing property.  The Housing Authority prevailed.  Esquivel appealed to the County Court at Law, where the Honorable Judge Terry Shamsie presided over a bench trial in this matter.

Esquivel did not present evidence during the trial.  Rather, she claimed during her opening statement that five males attacked her son, and that her son stabbed one of them with a pocketknife while acting in self defense.  Esquivel stated that at the time of the incident, she lived in a public-housing unit with her three sons and a baby who had been placed with her.

The Housing Authority presented testimony from a Corpus Christi police officer and a Housing Authority representative.  The police officer investigated the stabbing. He testified that Esquivel's son, after initially denying the use of the knife, admitted to waving a knife around in self defense during a "big scuffle" between five people and himself.  He further testified that blood was found on the pavement outside Esquivel's unit and that one person was treated at a hospital for stab wounds.  The Housing Authority's representative testified that, based on his review of the police report, he

---

[1] Martina Esquivel and All Other Occupants are named as defendants in the lawsuit.

concluded Esquivel's son had stabbed someone and engaged in violent criminal activity on the lease premises in violation of Esquivel's lease agreement.[2]

Judge Shamsie entered judgment in favor of Esquivel, thereby denying eviction. The Housing Authority timely requested findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. The trial court failed to make findings or conclusions within the allotted time, and the Housing Authority timely filed a proper notice of past-due findings or conclusions. *See* TEX. R. CIV. P. 297. Notwithstanding, Judge Shamsie did not make and file any findings of fact or conclusions of law.

## II. Standard of Review

After a bench trial, a trial court must file written findings of fact and conclusions of law when timely requested by a party. *See* TEX. R. CIV. P. 296, 297; *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). The trial court's failure to respond to a timely request is error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm. *Cherne Industries*, 763 S.W.2d at 772. An appellant is harmed if there are two or more possible grounds on which the court could have ruled and the appellant is left to guess the basis of the trial court's ruling. *See Anzaldua v. Anzaldua*, 742 S.W.2d 782, 783–84 (Tex. App.—Corpus Christi 1988, writ denied); *Liberty Mutual Fire Ins. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.). Generally, the proper remedy in that situation is to abate the appeal and direct the trial court to correct its error. *Zieba v. Martin,* 928 S.W.2d 782,

---

[2] The Housing Authority's Notice to Terminate the Lease includes a section entitled "Basis for Eviction Summary," which states:

> On 07-13-09, CCPD responded to a disturbance and physical fight on [the] property. Victor Ramirez, Jr. is listed as the offender and [is] charged with Aggravated Assault W/Deadly Weapon for stabbing someone. The activity is documented on Corpus Christi Police Department, Incident/Investigation Report, Case #0907130019. This criminal activity places Martina E. Esquivel and all household members in direct violation of the Zero Tolerance, One Strike Policy.

786 (Tex. App.—Houston [14th Dist.] 1996, no pet.). But when the trial-court judge has been replaced as a result of an election, the judge's successor who did not participate in the proceedings in the trial court may not make and file the findings and conclusions. *See Anzaldua*, 742 S.W.2d at 783; *Laca*, 243 S.W.3d at 796; *Larry F. Smith v. The Weber Co.,* 110 S.W.3d 611, 616 (Tex. App.—Dallas 2003, pet. denied).

### III. Discussion

The trial court was required to file findings of fact and conclusions of law because the Housing Authority made a timely request, and filed a timely notice of past-due findings and conclusions. *See* TEX. R. CIV. P. 296, 297. The record on appeal shows that without findings of fact and conclusions of law, the Housing Authority is forced to guess at the reason for the trial court's ruling and is thereby harmed in presenting issues for review on appeal. *See Anzaldua*, 742 S.W.2d at 783–84; *Laca*, 243 S.W.3d at 795–96; *Smith*, 110 S.W.3d at 615–16 (discussing how findings of fact and conclusions of law narrow issues for review on appeal). The trial court could have found Esquivel's son acted in self defense that was not prohibited, or that the Housing Authority failed to prove participation in criminal activity by a preponderance of the evidence, or both.

We take judicial notice that since the time for filing findings and conclusions expired in this case, a new judge, the Honorable Judge Brent Chesney, was elected and now presides over the trial court. *See In re Newby*, 280 S.W.3d 298, 301–02 n.2 (Tex. App.—Amarillo 2008, orig. proceeding) (discussing authority of appellate court to take judicial notice and taking judicial notice of appointment of new trial-court judge). Accordingly, we sustain the Housing Authority's first issue on appeal. In light of our

4

disposition of the Housing Authority's first issue, we need not reach its second issue. *See e.g.*, *Anzaldua*, 742 S.W.2d at 782–83.

## IV. CONCLUSION

We reverse the trial court's judgment and remand this case to the trial court for a new trial.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
9th day of June, 2011.