NO. 07-10-00085-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 21, 2011

STACY CONNER, APPELLANT

v.

TIM JOHNSON, APPELLEE

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-544,345; HONORABLE RUBEN GONZALES REYES, JUDGE

Before CAMPBELL and PIRTLE, J.J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Stacy Conner, appearing *pro se*, appeals a take nothing judgment in favor of appellee Tim Johnson. We will affirm.

We begin by noting Conner's brief does not meet several requisites of an appellate brief. Tex. R. App. P. 38.1. We conclude, however, he presents sufficient argument to allow us to decide the appeal. Tex R. App. P. 38.9. Johnson, appearing *pro se* on appeal, filed a response to Conner's brief.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Analysis

By his first issue, Conner complains of the absence from the clerk's record on appeal of certain documents. Specifically, he argues the omission of a "notice of intent to dismiss--no service of process," his motion for continuance, a letter from the court concerning his motion for continuance, and an order granting a continuance constitutes reversible error.

None of the documents Conner mentions are automatically included in the clerk's record. *See* Tex. R. App. P. 34.5(a). But a party may designate any other documents filed of record for inclusion in the clerk's record. *See* Tex. R. App. P. 34.5(a)(13),(b). However, the clerk's record contains no such designation by Conner. Additionally, Conner was permitted to withdraw the clerk's record for preparation of his brief. The appellate rules provide a means for supplementation of the record. On his discovery that the clerk's record did not contain the documents he deemed necessary for this appeal, Conner could have directed the trial court clerk, by letter, to prepare and file a supplemental clerk's record containing the documents. Tex. R. App. P. 34.5(c). But he did not.

We recognize Conner is proceeding *pro se*. We do not, however, have different procedural rules for litigants representing themselves on appeal. The same procedural requirements exist for *pro se* and attorney-represented appellants. *See Greenstreet v. Heiskell,* 940 S.W.2d 831, 834-35 (Tex.App.--Amarillo 1997, no writ) (stating *pro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure).

Since the clerk was not required to include in the clerk's record the documents Conner complains were omitted, it was Conner's burden both to designate them for inclusion in the record, and to cause the record to be supplemented if necessary, when he was provided the record for his use. Tex. R. App. P. 34.5(b), (c); *Uranga v. Tex. Workforce Comm'n,* 319 S.W.3d 787, 791 (Tex.App.--El Paso 2010, no pet.) (noting an appellant's burden of bringing forward appellate record enabling court to address appellate complaints). No error by the trial court is shown.

Moreover, nothing in the record demonstrates how the absence of the documents either probably caused the rendition of an improper judgment or probably prevented Conner from properly presenting his case on appeal. Tex. R. App. P. 44.1(a).

Conner's first issue is overruled.

By his second issue, Conner asserts he was denied due process of law and "equal access to court"[2] because he did not receive sufficient notice of the January 5, 2010, trial setting. From Conner's brief analysis of the issue, the essence of his complaint appears to be that he did not receive written notice of the trial setting. While Conner made known to the trial court his objection to proceeding with the trial, and

---

[2] Conner does not provide authorities supporting his due process and "equal access to courts" contentions. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument of contentions made with appropriate citations to authorities and record). For this discussion, we assume by equal access to courts he refers to the Open Courts provision of the Texas Constitution. Tex. Const. art. I, § 13.

obtained an adverse ruling, he did not object on the constitutional grounds he now urges on appeal.

An issue raised on appeal should direct the appellate court to error committed by the trial court. Tex. R. App. P. 33.1. "A party waives the right to raise a constitutional claim such as due process on appeal if that claim is not presented to the trial court." *Kaufman v. Comm'n for Lawyer Discipline,* 197 S.W.3d 867, 875 (Tex.App.--Corpus Christi 2006, pet. denied). Because Conner did not present his constitutional complaints to the trial court, the issue is not preserved for our review.

Moreover, even had Conner preserved his complaint for our review it lacks merit. The clerk's record contains a letter from Conner to a senior district judge who apparently conducted a hearing in the case. The document is dated October 27, 2009, and bears the November 4, 2009, file mark of the district clerk. In the correspondence, Conner acknowledged the case was set for trial on January 5, 2010. Thus, Conner received more than forty-five days' notice of the trial setting. *See* Tex. R. Civ. P. 245 (parties entitled to reasonable notice of not less than forty-five days of first trial setting). Conner's second issue is overruled.

In his third issue, citing Rule of Civil Procedure 305, Conner asserts he did not receive a copy of a proposed judgment submitted by counsel for Johnson to the trial court. Conner does not direct us to a location in the record where he called this complaint to the attention of the trial court. Nothing is therefore preserved for our review. Tex. R. App. P. 33.1(a).

Even had the complaint been properly preserved, however, the record does not demonstrate Conner suffered any harm. Tex. R. App. P. 44.1(a)(1) (unless error probably caused rendition of improper judgment, judgment will not be reversed on appeal). Conner's third issue is overruled.

In his fourth issue, Conner argues the trial court erred by including in the judgment the recital "[a]ll parties appeared and announced to the Court that they were ready for trial." By order of the trial court, Conner appeared for trial by telephone.[3] He does not contest this fact on appeal. Rather the nub of Conner's complaint seems to be he did not announce ready for trial. We agree. The reporter's record shows at the commencement of trial Conner vehemently argued he was not prepared for trial, apparently based on the claim he did not receive written notice of the setting.

We will assume, without deciding, that Conner preserved his objection to the complained-of recital in the judgment through his motion for new trial.[4] However, "[t]he factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself." *Alcantar v. Okla. Nat'l Bank,* 47 S.W.3d 815, 823 (Tex.App.--Fort Worth 2001, no pet.). Therefore, even though Conner did not announce ready for trial, the contrary recital in the judgment causes him no harm. Tex. R. App. P. 44.1(a). *See Campbell v. Campbell,* No. 07-02-0436-CV, 2003 Tex. App. Lexis 9694, at *4-*6

---

[3] Conner is incarcerated in a unit of the Texas Department of Criminal Justice.

[4] By his fourth ground for granting a new trial Conner there argued, "The trial court erred even in signing a 'judgment for Defendant' when [sic] on its face value alone runs contrary to the truth and the facts contained in the record itself." The motion was apparently overruled by operation of law. Tex. R. Civ. P. 329b(c).

(Tex.App.--Amarillo Nov. 13, 2003, no pet.) (mem. op.) (incorrect recitals in judgment included appellant's announcement of ready for trial but record did not demonstrate resulting harm). Conner's fourth issue is overruled.

By his fifth issue, Conner asserts the trial court erred by failing to file findings of fact and conclusions of law. The judgment was signed on February 8, 2010, and Conner placed his request for findings of fact and conclusions of law in the prison mail system on February 28. According to Conner the trial court did not make the requested findings, and the clerk's record does not contain findings. *See* Tex. R. App. P. 34.5(4),(6) (clerk's record must include copies of request for findings and findings). The clerk's record does not contain a notice of past due findings and Conner asks us to consider a copy of a notice attached as an exhibit to his appellate brief.

A request for findings of fact and conclusions of law must be filed with the clerk of the trial court within twenty days of the date the judgment was signed. Tex. R. Civ. P. 296. If the trial court fails to respond to a timely request for findings within twenty days, the requesting party must file a notice of past due findings within thirty days of the original request. Tex. R. Civ. P. 297; *Bluebonnet Fin. Assets v. Miller,* 324 S.W.3d 600, 602 (Tex.App.--El Paso 2009, no pet.). A party who fails to file a notice of past due findings or files an untimely notice of past due findings waives a complaint on appeal regarding a trial court's failure to file findings of fact and conclusions of law. *See Alpert v. Crain, Caton & James, P.C.,* 178 S.W.3d 398, 410 (Tex.App.--Houston [1st Dist.] 2005, pet. denied) (complete failure to file notice of past due findings); *Fleming v.*

6

*Taylor,* 814 S.W.2d 89, 91 (Tex.App.--Corpus Christi 1991, no writ) (untimely filed notice of past due findings).

The record does not show Conner filed a notice of past due findings with the trial court and we may not consider documents outside the appellate record. *See Samara v. Samara,* 52 S.W.3d 455, 456 n.1 (Tex.App.--Houston [1st Dist.] 2001, pet. denied) (op. on reh'g) (appellate court may not consider documents attached to appellate brief unless documents are included in appellate record).[5] Based on the appellate record and the rules that govern our review of complaints of trial court error, we find Conner has waived any complaint that the trial court failed to make findings of fact and conclusions of law. We overrule Conner's fifth issue.

### Conclusion

Having overruled each of Conner's issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

---

[5] In August 2010, Conner filed a "motion for continuance" with this court. Attached to the motion was a document entitled "pro se notice of past due findings of fact and conclusions of law." Because this document is not included in the trial court record, we gave it no consideration. *See Yarbrough v. State,* 57 S.W.3d 611, 616 (Tex.App.--Texarkana 2001, pet. ref'd) (affidavits attached to motion appellant filed with court of appeals not part of appellate record and could not be considered on appeal).