

# NUMBER 13-13-00709-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PAUL DOUGLAS ARCHER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Per Curiam Memorandum Opinion[1]

Relator, Paul Douglas Archer, proceeding pro se, filed a petition for writ of mandamus in the above cause on December 23, 2013. Through this original proceeding, relator seeks to compel the trial court to issue findings of fact and conclusions of law following the dismissal of his civil lawsuit against several defendants.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought under the foregoing standard of review. First, the petition and record before this Court is deficient. *See id.* Second, as a general rule, there is an adequate remedy by appeal when the trial court fails to issue findings of fact and conclusions of law when such findings and conclusions are required. *See, e.g., Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 796 (Tex. App.—El Paso 2007, no writ) (stating that where the failure

to issue findings and conclusions is curable, the "preferable remedy in this type of situation is for the appellate court to abate the appeal and remand the case to the trial court for entry of findings of fact and conclusions of law," whereas when the failure is not subject to cure, the appropriate remedy is for the appellate court to reverse and remand the case for a new trial); *see also Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 321 (Tex. App.—El Paso 1996, no writ). Third, findings of fact and conclusions of law are not required in all cases, and the deficient record in this case fails to show that the findings and conclusions were required under the circumstances present herein. *See, e.g., IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (listing types of cases that findings of fact and conclusions of law are not appropriate). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM


Delivered and filed the
7th day of January, 2014.