ACCEPTED
03-13-00124-CV
5240055
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 8:10:34 PM
JEFFREY D. KYLE
CLERK

## NO. 03-13-00124-CV

### IN THE
### COURT OF APPEALS
### THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

5/11/2015 8:10:34 PM

JEFFREY D. KYLE
Clerk

### WILLIAM B. GAMMON,
*Appellant,*

### V.

### HENRY I. HANK HODES AND
### DIAGNOSTIC EXPERTS OF AUSTIN, INC.,
*Appellees.*

---

### APPEAL FROM THE COUNTY COURT AT LAW NO. 2
### OF TRAVIS COUNTY, TEXAS
### Trial Court Cause No. C-1-CV-10-007188

---

### APPELLANT'S MOTION FOR RECONSIDERATION *EN BANC*

---

William B. Gammon
Texas Bar No. 07611280
GAMMON LAW OFFICE, PLLC
1201 Spyglass Drive
Suite 100
Austin, TX 78746
Telephone: 512-472-8909
Fax: 888-545-4279

ATTORNEY FOR
WILLIAM B. GAMMON

### ORAL ARGUMENT REQUESTED

NO. 03-13-00124-CV

IN THE
COURT OF APPEALS
THIRD DISTRICT OF TEXAS

---

WILLIAM B. GAMMON,
*Appellant,*

V.

HENRY I. HANK HODES AND
DIAGNOSTIC EXPERTS OF AUSTIN, INC.,
*Appellees.*

---

APPEAL FROM THE COUNTY COURT AT LAW NO. 2
OF TRAVIS COUNTY, TEXAS
Trial Court Cause No. C-1-CV-10-007188

---

APPELLANT'S MOTION FOR RECONSIDERATION *EN BANC*

---

William B. Gammon
Texas Bar No. 07611280
GAMMON LAW OFFICE, PLLC
1201 Spyglass Drive
Suite 100
Austin, TX 78746
Telephone: 512-472-8909
Fax: 888-545-4279

ATTORNEY FOR
WILLIAM B. GAMMON

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel:

| **PARTIES** | **COUNSEL** |
|---|---|
| *Appellant:*<br>William B. Gammon | *Counsel for Appellant:*<br>William B. Gammon<br>State Bar No. 07611280<br>GAMMON LAW OFFICE, PLLC<br>1201 Spyglass Drive, Suite 100<br>Austin, Texas  78746<br>Telephone:    512-472-8909<br>Facsimile:     888-545-4279<br>billgammon@gammonlawoffice.com |
| *Appellees:*<br>Hank I. Hodes and<br>Diagnostic Experts of Austin, Inc. | *Counsel for Appellees:*<br>Timothy J. Herman<br>State Bar No. 09513700<br>HOWRY BREEN & HERMAN, L.L.P.<br>1900 Pearl Street<br>Austin, Texas 78705-5408<br>Telephone:   512-474-7300<br>Facsimile:    512-474-8557<br>therman@howrybreen.com |

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**................................................................**2**

**TABLE OF CONTENTS** ............................................................................**3**

**TABLE OF AUTHORITIES** .......................................................................**4**

**BACKGROUND** .....................................................................................**6**

**SUMMARY** ..........................................................................................**7**

**ARGUMENT & AUTHORITIES** .................................................................**8**

**CERTIFICATE OF SERVICE** ...................................................................**17**

**CERTIFICATE OF COMPLIANCE** .............................................................**17**

**APPENDIX**..........................................................................................**18**

# TABLE OF AUTHORITIES

**<u>CASES</u>**:

*Brookshire Bros. v. Smith*, 176 S.W.3d 30 (Tex. App. Houston 1st Dist. 2005)…...9

*Burrow v. Arce,* 997 S.W.2d 229 (Tex. 1999)………………………….…………15

*Cherne Indus., Inc. v. Magallanes,*763 S.W.2d 768 (Tex. 1989)………….……...10

*City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005)…………….…………..16

*Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011)………………………………….12

*IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440 (Tex.1997)………..9

*Intercontinental Group P'ship v. KB Home Lone Star L.P.*,
295 S.W.3d 650 (Tex. 2009)………………………………………………...11

*Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611
(Tex. App. – Dallas 2003, pet. denied)………………………………..13, 14

*Liberty Mut. Fire Ins. V. Laca*, 243 S.W.3d 791, 2007 Tex. App.
LEXIS 9510 (Tex. App. El Paso 2007)………………………………...14

*Operation Rescue-Nat'l v. Planned Parenthood*,
937 S.W.2d 60 (Tex. App. – Houston [14th Dist.] aff'd as modified.
975 S.W.2d 546 (Tex. 1998)………………………………………….....9

*Ray v. McFarland,* 97 S.W.3d 728 (Tex. 2003)………………………………13

*Regal Finance Co., Ltd. v. Tex Star Motors, Inc.*,
355 S.W.3d 595 (Tex. 2010)………………………………………...16

*Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46 (Tex. 2003)………………14

*Spir Star AG v. Kimich,* 310 S.W.3d 868 (Tex. 2010)…………………………14

## STATUTES AND RULES:

Tex. R. App. P. 19.1………………………………………………………………..8

Tex. R. App. P. 41.2(c)……………………………………………….......8,9

Tex. R. App. P. 49.1…………………………………………………….... 8, 9

Tex. R. App. P. 49.7…………………………………………………..8

Tex. R. Civ. P. 49.3…………………………………………………..9

Tex. R. Civ. P. 49.5………………………………………………….........9

Tex. R. Civ. P. 296……………………………………………...……...9, 10

Tex. R. Civ. P. 297………………………………………………….……10

Tex. R. Civ. P. 301………………………………………………….……13

## SECONDARY SOURCE:

6 McDonald & Carlson, Texas Civil Practice 2d § 18:3 (1998)……………….10

**TO THE HONORABLE THIRD DISTRICT COURT OF APPEALS:**

COMES NOW Appellant, William B. Gammon, hereinafter ("Gammon"), and files this Appellant's Brief and shows as follows:

## BACKGROUND

1. Gammon filed suit against Henry I. "Hank" Hodes (Hodes) and Diagnostic Experts of Austin, Inc. (DEA) seeking payment for legal work performed by Gammon on behalf of Hodes and his air-conditioning repair company, DEA, spanning fifteen years.

2. The case was first tried to a jury in Travis County Court at Law No. 1 on October 10, 2011. The trial resulted in a verdict for Gammon of $143,691.60 plus attorneys' fees. Appellees' motion for new trial was granted. *[Exhibit A, Final Judgment from First Trial].* The case was tried to a second jury on October 15, 2012, in Travis County Court at Law No. 2. *[Exhibit B, Final Judgment Nunc Pro Tunc (CR 773-775)]*

3. The second jury returned a finding that Gammon prevailed on his quantum meruit claim and valued it at $30,000.00. The jury also found that Gammon did not comply with his fiduciary duty but found no damages as a result.

4. On October 29, 2012, Defendants' filed a *Motion for Judgment* [Exhibit E, (CR 739-744)(CR 764-770)].

5.    The trial court reversed the jury verdict. The Court found unspecified fiduciary breaches of a "clear and serious nature" and entered judgment on November 20, 2012 that Gammon take nothing by quantum meruit and that he further forfeit $27,379.19 in fees already received.

6.    On December 4, 2012, Gammon filed *Plaintiff's Request For Findings of Fact and Conclusions of Law.* (CR 776-778).

7.    On December 31, 2012, Gammon filed *Plaintiff's Notice of Past Due Findings of Fact and Conclusions of Law.* (CR 788-789).

8.    To date, the trial court has not made findings of fact or conclusions of law.

9.    A three–member panel of this Court affirmed the trial court's judgment on April 24, 2015. *[Exhibit C, Memorandum Opinion].*

## SUMMARY

10.   The panel's decision is based upon the notion that the Court is not required to submit findings of facts and conclusions of law even when the court rendered judgment non obstante veredicto (JNOV). The jury did not award damages to Hodes. There was no finding of any improper benefit to Gammon. There was no finding by the jury or the Court that forfeiture of a portion of fees previously paid to Gammon is necessary to satisfy the public's interest in protecting the attorney-client relationship.

11.    However, in contradiction to the jury's findings, the trial court determined that Gammon committed "clear and serious breaches of his fiduciary duty" damaging Hodes and ordered that Gammon forfeit $27,379.19. Gammon is entitled to findings of fact and conclusions of law based on the court's JNOV. Gammon properly requested factual findings but they were never provided. (CR 776-778; 788-789). This is harmful error as it effectively deprives Gammon of his right to appeal the judgment. Gammon is entitled to know what "clear and serious" acts or omissions amounted to a breach of his fiduciary duty to Hodes. He is further entitled to know how the Court calculated the amount of the forfeiture.

12.    The panel erred in finding that the Court is not required to submit findings of fact and conclusions of law where the court reversed the jury's verdict and rendered JNOV.

## ARGUMENT & AUTHORITIES

### I.    The Court should grant *En Banc* Reconsideration

A motion for rehearing differs from and serves a different purpose than a motion for *en banc* reconsideration. For example, stricter time limits govern the motion for rehearing than govern the motion for *en banc* reconsideration. *Compare* TEX. R. APP. P. 49.1 (must file motion for rehearing within 15 days after court-of-appeals judgment is rendered) *with* TEX. R. APP. P. 49.7 (may file motion for en banc reconsideration while court of appeals has plenary jurisdiction); *see also* TEX. R. APP. P. 19.1(plenary power of court of appeals expires 60 days after judgment if no timely filed motion to extend time or motion for rehearing is then pending);TEX. R. APP. P. 41.2(c) (stating that *en banc* reconsideration is disfavored and listing standards); TEX. R. APP. P. 49.7 (reconsideration *en*

*banc* suspends finality of panel's judgment or order). Whether seeking rehearing, pursuant to rule 49.1, or further rehearing, pursuant to rule 49.5, a party's sole purpose is to convince the panel of justices who considered the case to change the decision because it was erroneous--for whatever reason. *See* TEX. R. APP. P. 49.1, **[41]** 49.5; *see also* TEX. R. APP. P. 49.3 (authorizing majority of justices who participated in the case to grant rehearing). In contrast, *en banc* reconsideration is limited to situations in which (1) *en banc* reconsideration is necessary to secure or maintain uniformity of the Court's decisions or (2) extraordinary circumstances require *en banc* consideration. *See* TEX. R. APP. P. 41.2(c).

*Brookshire Bros. v. Smith,* 176 S.W.3d 30, 40-41 (Tex. App. Houston 1st Dist. 2005) (internal footnote omitted.)

13. The panel erred. The panel's error requires *en banc* reconsideration to secure or maintain uniformity of the Court's decisions, as the panel's opinion conflicts with established Texas case law. *See Operation Rescue-Nat'l v. Planned Parenthood*, 937 S.W.2d 60, 82 (Tex. App. – Houston [14th Dist.] *aff'd as modified*. 975 S.W.2d 546 (Tex. 1998) (holding that a findings of fact and conclusions of law is proper when a portion of the cause of action is decided by a jury and another portion is decided by the trial court.)

II. **The trial court committed reversible error by failing to issue findings of fact and conclusions of law as timely requested.**

14. Parties to a lawsuit have a right to a written findings of fact and conclusions of law after a trial judge rules on the merits. Tex. R. Civ. P. 296; *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.,* 938 S.W.2d 440, 442 (Tex.1997). Therefore, if a party properly requests them, the trial court must make and file them. *IKB Indus.,*

938 S.W.2d at 442. Without the lower court's findings of fact and conclusions of law, it becomes difficult for the appellate court to determine what legal theory forms the basis of the trial court's judgment. The purpose of requesting written findings of fact and conclusions of law from the Court is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." 6 McDonald & Carlson, TEXAS CIVIL PRACTICE 2d § 18:3 (1998).

15.    On December 4, 2012, Gammon timely filed his Request for Findings of Fact and Conclusions of Law pursuant to Rule 296 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 296 ("In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law."). The trial court failed to file its findings of fact and conclusions of law within twenty (20) days after Gammon's timely request was filed. On December 31, 2012, within thirty (30) days of when Gammon's original request was filed, Gammon subsequently filed his Notice of Past-Due Findings, thus extending the trial court's deadline by an additional forty (40) days from the original request. TEX. R. CIV. P. 297. Ultimately, the trial court failed to file any findings of facts and conclusions of law.

16.    The trial court's failure to file its mandatory findings of fact and conclusions of law has resulted in great harm to Gammon. *See, Cherne Indus., Inc. v.*

*Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (holding a trial court's duty to file findings of facts and conclusions of law is mandatory when all requests have been properly made).

17. The crux of this lawsuit is the contractual obligations between the parties. In Gammon's suit against Hodes, Hodes countersued Gammon with a series of accusations that Gammon breached his fiduciary duty to Hodes. The litigation that followed resulted in two drastically different final judgments. In the latter, the jury, in relevant part, made the following findings: First, the jury found that Gammon prevailed in his claim for quantum meruit in that he had performed compensable work for which he had not been paid. Furthermore, the jury awarded Gammon thirty thousand dollars ($30,000.00) as the reasonable value for the compensable work in Gammon's quantum meruit claim. Second, the jury found that Gammon did not comply with his fiduciary duty with regard to Hodes and DEA. However, the jury found that Hodes and DEA were entitled to recover zero dollars ($0.00) compensation for Gammon's alleged "breach."

18. The jury found that Hodes was not damaged, and therefore was not the prevailing party in the lawsuit. *See, Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 655 (Tex. 2009) (holding that a plaintiff who obtained a jury finding that the defendant breached its contract but was awarded *no*

*damages* was *not* a prevailing party) (emphasis added). *See also, Epps v. Fowler,* 351 S.W.3d 862 (Tex. 2011) (following *KB Home*).

19.     Nonetheless, without any explanation or reasoning that can be derived from the record, the trial court decided to issue a contradictory "Final Judgment" on November 19, 2012, followed by a Judgment Nunc Pro Tunc issued the following day. *[Exhibit D; Exhibit B]*. The trial court's judgments contained the following changes from the jury verdict: First, the trial court found that "it appears to the court that the verdict of the jury was for the Defendants and against the Plaintiff" and therefore, "judgment should be rendered on the verdict in favor of Henry I. 'Hank' Hodes and Diagnostic Experts of Austin, Inc. and against William Gammon." Second, "[t]he Court also finds that breaches of fiduciary duty committed by Gammon constitute *clear and serious* breaches of duty by [an] attorney" (emphasis added). The trial court ruled that Gammon's breach warranted forfeiture of fees and prevented Gammon from being entitled to any equitable relief, including his $30,000.00 recovery contemplated by the jury's declaration as to the value of Gammon's uncompensated work. Instead, the Court ruled that Gammon forfeit $27,279.19.[1] This forfeiture amount nonetheless would leave Gammon a $2,720.81 judgment for damages against Hodes. The judgment, however, states that Gammon is denied all equitable relief.

---

[1] This number appears out of thin air as no evidence or testimony of any kind appears in the record to support it. Such an award is inherently arbitrary and capricious and must be reversed.

20. The Court's ruling disregarded the jury's findings and granted Hodes and DEA a judgment *non obstante veredicto* pursuant to TEX. R. CIV. P. 301. *See*, Exhibit E; *See Ray v. McFarland*, 97 S.W.3d 728, 729 (Tex. 2003)(" A trial court may disregard a jury's verdict and render judgment n.o.v. if there is no evidence to support the jury's findings or if a directed verdict would have been proper.")

21. Neither the final judgment nor the trial record specify the basis for the trial court's ruling, nor does the judgment refer to any statements made at trial. Furthermore, the trial court did not even provide a reason in open court when it orally announced its decision.

22. "When there are two or more possible grounds of recovery or defense, as in this case, an appellant is forced to guess what the trial court found unless the trial court's findings are provided to him."[2] *See also, Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 614 (Tex. App. – Dallas 2003, pet. denied). Absent a findings of fact and conclusions of law, Gammon must guess on what basis the trial court reversed the jury verdict and ruled against him, including what acts or omissions were deemed by the Court as a breach of his fiduciary duty to Hodes.

23. Since Gammon is obligated to guess, the Court's refusal to submit findings of fact and conclusions of law constitutes harm to Gammon. *Liberty Mut. Fire Ins.*

[2] Hodes claimed at least seven separate breaches of fiduciary duty. Neither the trial court nor the jury specified which, if any, of these accusations they found credible. *See*, Exhibit E, *Defendants' Memorandum in Support of Motion for Judgment on the Verdict* (CR 764-770).

*V. Laca*, 243 S.W.3d 791, 2007 Tex. App. LEXIS 9510 (Tex. App. El Paso 2007); *See also, Larry F. Smith, Inc.*, 110 S.W.3d at 614 (holding that the general rule is that an appellant has been harmed if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him).

24.     Generally, when no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Spir Star AG v. Kimich,* 310 S.W.3d 868, 871–72 (Tex.2010). The implied findings are not conclusive, and an appellant may challenge the findings by raising sufficiency of the evidence issues. *Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 52 (Tex.2003). Gammon is being "forced to attack all the possible grounds supporting the judgment instead of the grounds actually found by the court. *Id*. at 615-616. This is especially true given that Gammon has brought several causes of action against Hodes and Hodes has brought several causes of action against Gammon in their counterclaims.

25.     The panel determined that the lower court did not err in its refusal to provide findings of fact and conclusions of law, because "[i]n a fee forfeiture case, once any relevant, disputed facts are resolved by the jury, the trial court exercises its discretion to determine. . . whether fee forfeiture should be imposed." Given the lower court's discretion, the panel concluded that it was not required to provide findings of fact and conclusions of law. However, the panel failed to acknowledge

that the lower court took the case away from the jury and entered a JNOV verdict. Therefore, this in fact is not a verdict by jury as the panel concluded in its decision.

26.     The Texas Supreme Court has held that "fee forfeiture" can never be appropriate in the absence of a "clear and serious" violation of the attorney's duties. *Burrow v. Arce*, 997 S.W.2d 229, 245-46 (Tex. 1999). The trial court in this case found that a "clear and serious" breach of Gammon's fiduciary duty occurred, but offered no rationalization as to how that conclusion was derived. In reaching its decision, the lower court was required to resolve underlying fact questions. The entire Charge of the Court does not contain any instruction or guidance for the jury to determine whether Gammon's breach of fiduciary to Hodes raised to the level of "clear and serious." Underlying factual disputes must be resolved by a trier of fact before such legal pronouncements can be made. *Id*. The Court in *Burrow* further provided guidance on what issues are necessary for the trier of fact to determine whether a fiduciary duty breach raises to the level of both "clear and serious.": 1) whether, and if so, to what extent, a client was injured by the breach of duty; 2) whether, and if so, when, the wrongful conduct happened, and; 3) whether the attorney acted negligently, recklessly or intentionally in breaching the duty. *Id*.

27.     The trial court provided no explanation as to how it reached its determination of "clear and serious" and failed to address the foregoing factual determinations made by the Court in order to reach its final judgment. The trial

court reached this conclusion with no evidence of any kind to show that this legal standard had been met. "For evidence to conclusively establish the opposite of a vital fact, the evidence must be the type that could not lead reasonable people to different conclusions." *Regal Finance Co., Ltd. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010) (citing *City of Keller*, 168 S.W.3d at 815-16). Findings of fact and conclusions of law is proper to specify the basis for the trial court's ruling of "clear and serious" breach, as well as the arbitrary $27,279.19 award. Absent said findings of fact and conclusions of law is harmful error.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, William B. Gammon respectfully requests that the Court reverse the judgment of the County Court in all things and remand for retrial consistent with its opinion.

Respectfully submitted,

/s/ *William B. Gammon*
William B. Gammon
State Bar No. 07611280
GAMMON LAW OFFICE PLLC
1201 Spyglass Drive, Suite 100
Austin, Texas 78746
Telephone: 512-472-8909
Facsimile: 888-545-4279
billgammon@gammonlawoffice.com

*Attorney for Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served upon counsel of record for Appellees on this the 11th day of May, 2015, via this Court's online filing system, to:

Timothy J. Herman
State Bar No. 09513700
HOWRY BREEN & HERMAN, L.L.P.
1900 Pearl Street
Austin, Texas 78705-5408
Telephone:   512-474-7300
Facsimile:   512-474-8557
therman@howrybreen.com
*Attorney for Appellees*

*/s/ William B. Gammon*
William B. Gammon

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 2,708 words.

*/s/ William B. Gammon*
William B. Gammon